■ DONALD P. BOHRER et al., Appellants, v PYRAMID COMPANIES, Defendant, and MAY DEPARTMENT STORE COMPANY, Individually and Doing Business as KAUFMANN'S, Respondent. PYRAMID COMPANIES OF BUFFALO, Third-Party Plaintiff, v MADER CONSTRUCTION CORPORATION, Third-Party Defendant. MAY DEPARTMENT STORE COMPANY, Third-Party Plaintiff, v MADER CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent. [649 NYS2d 893] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). There is no merit to the contention that defendant the May Department Store Company, individually and doing business as Kaufmann's (May), is not liable as an owner or general contractor under Labor Law § 240 (1). "Under Labor Law § 240 (1), a party's liability is tied to its 'contractual or other actual authority to control the activity bringing about the injury' * * * [and] legislative history makes clear that the

nondelegable duty imposed by the statute to maintain safe working conditions devolves on those who have the power to enforce safety standards and to choose responsible contractors" (*Clute v Ellis Hosp.*, 184 AD2d 942, 944). The unrefuted evidence establishes that May had such control at the site where Donald P. Bohrer (plaintiff) was injured.

There is also no merit to the contention that plaintiff was a "recalcitrant worker". The "recalcitrant worker" doctrine " 'requires a showing that the injured worker refused to use the safety devices that were provided by the owner or employer' " (*Haystrand v County of Ontario*, 207 AD2d 978). Defendants failed even to allege such a refusal on plaintiff's part, and failed to submit evidentiary proof in admissible form demonstrating the existence of a triable issue of fact to preclude partial summary judgment (*see, Indig v Finkelstein*, 23 NY2d 728, 729). (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.