■ WALTER SMITH et al., Appellants-Respondents, v ANTHONY TORRE et al., Respondents-Appellants. [668 NYS2d 861] —Order unanimously affirmed without costs. Memorandum:

Walter Smith (plaintiff) was injured when he fell while repairing the roof on a house owned by defendants. Defendants moved for summary judgment dismissing the complaint; plaintiffs cross-moved for partial summary judgment on the causes of action alleging violations of sections 200, 240 (1) and 241 (6) of the Labor Law. Supreme Court denied the motion and cross motion, holding that there were issues of fact regarding direction and control of the work by defendant Anthony Torre.

Defendants contend that, because plaintiff was not employed but merely rendered casual assistance, they are not liable as employers for purposes of the Labor Law causes of action. We reject that contention. The record establishes that plaintiff was "permitted or suffered to work" on the roof and received compensation (Labor Law § 2 [7]; *see, Vernum v Zilka*, 241 AD2d 885). Defendants further contend that they are entitled to the exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]). There are issues of fact whether Anthony Torre directed or controlled plaintiff's work, e.g., whether defendants supplied materials, performed much of the work and directed the progress of the work (*see, Ennis v Hayes*, 152 AD2d 914, 915; *Rimoldi v Schanzer*, 147 AD2d 541, 545). Additionally, there is an issue of fact regarding the nature of the accident, and thus summary judgment is inappropriate (*see, Laisney v Zeller*, 234 AD2d 906; *Abramo v Pepsi-Cola Buffalo Bottling Co.*, 224 AD2d 980).

Summary judgment also is not appropriate under the Labor Law § 241 (6) cause of action because there are issues of fact whether the regulations cited by plaintiffs apply to the facts of this case. Because there is an issue of fact regarding the nature of the accident, it cannot be determined at this time which regulations, if any, were violated and whether the alleged violations were a proximate cause of the accident.

Finally, plaintiffs are not entitled to partial summary judgment on the Labor Law § 200 cause of action and defendants are not entitled to summary judgment on that cause of action and the common-law negligence cause of action because there are issues of fact regarding supervision and control of the work (*see, Russin v Picciano & Son*, 54 NY2d 311, 316-317). We reject the contention of defendants that the risk of plaintiff's fall is inherent in the type of work that was being performed (*cf., Stephens v Tucker*, 184 AD2d 828). (Appeals from Order of Supreme Court, Orleans County, Fahey, J.—Summary Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.