■ THOMAS KNAUER, Respondent-Appellant, v DIANE L. ANDERSON, as Executrix of WILLIAM F. ANDERSON, SR., Deceased, et al., Respondents, and B.T.S. SERVICES, INC., Appellant-Respondent. DIANE L. ANDERSON, as Executrix of WILLIAM F. ANDERSON, SR., Deceased, et al., Third-Party Plaintiffs, and B.T.S. SERVICES, INC., Third-Party Plaintiff-Appellant, v RONALD A. KNAUER, JR., Doing Business as KNAUER ELECTRIC, Third-Party Defendant-Respondent. [750 NYS2d 390] —Appeal and cross appeal from a judgment and order (one document) of Supreme Court, Erie County (Howe, J.), entered August 24, 2001, which, inter alia, granted the cross motion of defendant Francis W. King Petroleum Products, Inc. dismissing the amended complaint against it.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he sustained when he fell from a stepladder positioned on top of a van while performing electrical work in a metal pole barn. The barn was being constructed on land owned by William F. Anderson, Sr. (decedent) for use by two companies that he owned, defendants B.T.S. Services, Inc. (BTS) and Francis W. King Petroleum Products, Inc. (King Petroleum). BTS had hired third-party defendant, Ronald A. Knauer, Jr., doing business as Knauer Electric (Knauer Electric), plaintiff's employer, to install electrical wiring and lighting fixtures in the barn.

Supreme Court properly granted plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) against defendants Diane L. Anderson, as executrix of decedent's estate (Anderson), and BTS. Plaintiff met his initial

burden of establishing that Anderson and BTS failed to furnish him with appropriate safety devices within the meaning of the statute (*see generally* § 240 [1]). Plaintiff further established that the violation was a proximate cause of his injury (*see Felker v Corning Inc.,* 90 NY2d 219, 224; *Livecchi v Eastman Kodak Co.,* 258 AD2d 916; *cf. Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 269; *Weininger v Hagedorn & Co.,* 91 NY2d 958, 959-960, *rearg denied* 92 NY2d 875) and that his own actions were not the sole proximate cause of his injury (*cf. Weininger,* 91 NY2d at 960). Anderson and BTS failed to raise an issue of fact to rebut plaintiff's showing. Contrary to the contention of BTS, the issue whether plaintiff was an employee or an independent contractor of Knauer Electric does not preclude the award of partial summary judgment. Even assuming, arguendo, that plaintiff was an independent contractor, we conclude that he was "employed" within the meaning of Labor Law § 240 (1) (*see Haimes v New York Tel. Co.,* 46 NY2d 132, 137; *DiVincenzo v Tripart Dev.,* 272 AD2d 904, 905; *Nowak v Kiefer,* 256 AD2d 1129, 1130, *lv denied in part and dismissed in part* 93 NY2d 887, *rearg dismissed* 93 NY2d 1000).

Contrary to plaintiff's contention, the court also properly granted the cross motion of King Petroleum dismissing the amended complaint against it. King Petroleum submitted evidence establishing that it was not an "owner" or "contractor" within the meaning of Labor Law § 240 (1) (*see Clute v Ellis Hosp.,* 184 AD2d 942, 944; *Nowak v Smith & Mahoney,* 110 AD2d 288, 290; *cf. Bohrer v Pyramid Cos.,* 233 AD2d 841, 841-842), and plaintiff failed to raise an issue of fact. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ. [*See* 184 Misc 2d 621.]