■ CARLOS URBINA et al., Plaintiffs, v 26 COURT STREET ASSOCIATES, LLC, et al., Defendants, and R&J CONSTRUCTION CORP., Respondent. TSI COURT STREET, INC., Third-Party Plaintiff, v ABSOLUTE ELECTRICAL CONTRACTING, INC., Third-Party Defendant-Appellant. [784 NYS2d 524]—

Order, Supreme Court, New York County (Louis B. York, J.), entered September 30, 2003, which, inter alia, granted the motion of defendant R&J Construction Corp. (R&J) for summary judgment dismissing the complaint as against it, and denied the cross motion of Absolute Electrical Contracting, Inc. (Absolute) for leave to amend its answer to assert cross claims against R&J, unanimously modified, on the law, to deny R&J's motion insofar as it sought dismissal of the common-law negligence cause of action against it, and to reinstate that cause, and to

grant Absolute's cross motion to amend its answer to assert cross claims for negligence and breach of warranty against R&J, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered March 2, 2004, which denied Absolute's motion for reargument, unanimously dismissed, without costs, as taken from a nonappealable paper.

We reject R&J's argument that Absolute has no right to appeal from that part of the motion court's order granting R&J summary judgment. Absolute is "aggrieved" from that determination, within the meaning of CPLR 5511, insofar as it precludes Absolute's assertion of claims for indemnification or contribution against R&J (*see Scoville v Town of Amherst*, 277 AD2d 1038 [2000]).

Plaintiff's common-law negligence claim against R&J should not have been dismissed since issues of fact are raised as to whether R&J was negligent in erecting the scaffold whose platform collapsed, causing plaintiff's injuries. These issues include whether the platform on the Baker scaffold was defective, or whether R&J was otherwise negligent in supplying defective equipment. The testimony showed that the platform failed to lock properly into place, and there is a dispute as to whether that was due to a defect in the platform or a failure by plaintiff to adjust the platform correctly. The circumstance that R&J was not plaintiff's employer and did not supervise his work does not preclude a finding of liability against it on a common-law theory of negligent installation of the scaffolding (*see Keohane v Littlepark House Corp.*, 290 AD2d 382 [2002]; *Schiulaz v Arnell Constr. Corp.*, 261 AD2d 247 [1999]). Plaintiff's Labor Law § 241 (6) claim against R&J was, however, properly dismissed since R&J was not an owner, general contractor, or agent thereof for purposes of imposing liability under the statute.

No appeal lies from the March 2, 2004 order denying reargument. Although the motion denied in the order purported to seek renewal as well as reargument, it was not based on new facts and, accordingly, was in its true aspect only one for reargument (*see Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320 [2000]). Concur—Buckley, P.J., Tom, Andrias, Saxe and Marlow, JJ.