■■■ ROBERT R. MASTERS, Respondent, v EDWARD CELESTIAN, Appellant. [801 NYS2d 201]—

Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered May 19, 2004 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from the roof of defendant's residence, which was then under construction. Supreme Court properly denied defendant's motion for summary judgment dismissing the amended complaint. With respect to the causes of action alleging the violation of Labor Law

§ 240 (1) and § 241 (6), defendant's own submissions raise triable issues of fact whether defendant is entitled to the exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work" (§ 240 [1]; *see* § 241 [6]; *Gambee v Dunford*, 270 AD2d 809, 810 [2000]; *Smith v Torre*, 247 AD2d 896, 897 [1998]). In addition, "defendant failed to meet his burden of establishing that he did not breach his duty 'to take reasonable care and prudence in securing the safety of the work area' " (*Farrell v Okeic*, 266 AD2d 892, 893 [1999], quoting *Hammond v International Paper Co.*, 161 AD2d 914, 914 [1990]). Thus, defendant also failed to establish his entitlement to summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action (*see id.*; *see also Giglio v St. Joseph Intercommunity Hosp.*, 309 AD2d 1266, 1267 [2003], *amended on other grounds* 2 AD3d 1485 [2003]). Present—Green, J.P., Hurlbutt, Scudder and Lawton, JJ.