■ James M. Baker, Appellant, v Richard J. Muraski et al., Respondents. [877 NYS2d 582]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 17, 2008 in a personal injury action. The order, insofar as appealed from, granted in part the motion of defendants for summary judgment and dismissed the second through fourth causes of action.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the second through fourth causes of action are reinstated.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell while resurfacing the roof of a house owned by defendants. Supreme Court granted defendants' motion for summary judgment in part, dismissing the Labor Law causes of action. We conclude that the court should have denied defendants' motion in its entirety.

We agree with plaintiff that the court erred in concluding as a matter of law that plaintiff was not a protected worker under

the Labor Law. Rather, there is a triable issue of fact on the record before us whether plaintiff was employed within the meaning of the Labor Law, i.e., whether he was "permitted or suffered to work" on the roof and received monetary compensation therefor (§ 2 [7]; *see Smith v Torre*, 247 AD2d 896 [1998]; *cf. Stringer v Musacchia*, 11 NY3d 212, 216-217 [2008]). Contrary to the contention of defendants, the determination of the Workers' Compensation Board that plaintiff was not employed by them is not entitled to collateral estoppel effect. Defendants failed to establish identity of issue, a necessary element of collateral estoppel, in view of the differing definitions of "employee," "employer" and "employed" in Labor Law § 2 (5) through (7) and those of "employer," "employee" and "employment" in Workers' Compensation Law § 201 (4) through (6) (*see Matter of Bartenders Unlimited [Commissioner of Labor]*, 289 AD2d 785, 786-787 [2001], *lv denied* 98 NY2d 601 [2002]; *Alejandro v Riportella*, 250 AD2d 556, 557 [1998]; *Emmi v Emmi*, 186 AD2d 1025 [1992]; *cf. Lee v Jones*, 230 AD2d 435, 438 [1997], *lv denied* 91 NY2d 802 [1997]). In addition, the Workers' Compensation Judge made no finding of fact with respect to the issue of payment by defendants for the work performed by plaintiff at their residence (*see generally Matter of Engel v Calgon Corp.*, 114 AD2d 108, 110-111 [1986], *affd* 69 NY2d 753 [1987], *rearg denied* 70 NY2d 748 [1987]; *cf. Lee*, 230 AD2d at 438).

We further agree with plaintiff that the court erred in determining with respect to Labor Law § 240 (1) and § 241 (6) that defendants are entitled as a matter of law to the exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work" (§ 240 [1]; *see* § 241). There are issues of fact whether defendant husband, an experienced roofer who was working with plaintiff at the time of the accident, directed or controlled plaintiff's work (*see Masters v Celestian*, 21 AD3d 1426, 1427 [2005]; *Ennis v Hayes*, 152 AD2d 914, 915 [1989]). "Whether an owner's conduct amounts to directing or controlling the work depends upon the degree of supervision exercised over the method and manner in which the work is performed" (*Ennis*, 152 AD2d at 915), and on the record before us there are issues of fact with respect to defendant husband's degree of supervision over plaintiff's work. Present—Hurlbutt, J.P., Martoche, Carni, Green and Pine, JJ.