JOSEPH TORRES, Appellant, v PERRY STREET DEVELOPMENT CORP. et al., Respondents. (And a Third-Party Action.) [960 NYS2d 450]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Bayne, J.), dated September 28, 2011, which denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendants the J 40, LLC, and the J Construction Company, LLC, and granted the separate cross motions of the defendants the J 40, LLC, and the J Construction Company, LLC, and the defendants Perry Street Development Corp. and West Perry Garage, LLC, which were for summary judgment dismissing the complaint insofar as as-

serted against each of them, and (2) a judgment of the same court dated November 7, 2011, which, upon the order, in effect, severed the action against the defendants Perry Street Development Corp. and West Perry Garage, LLC, and is in favor of those defendants and against him, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from so much of the order as granted the cross motion of the defendants Perry Street Development Corp. and West Perry Garage, LLC, for summary judgment dismissing the complaint insofar as asserted against them is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the cross motion of the defendants Perry Street Development Corp. and West Perry Garage, LLC, for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint insofar as asserted against those defendants is reinstated, and the order is modified accordingly; and it is further,

Ordered that the order is further modified, on the law, by deleting the provision thereof granting the cross motion of the defendants the J 40, LLC, and the J Construction Company, LLC, for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the cross motion; as so further modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the intermediate order as granted the cross motion of the defendants Perry Street Development Corp. and West Perry Garage, LLC (hereinafter together the Perry defendants), must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for injuries he allegedly sustained in an accident at a construction site owned by the Perry defendants. According to the plaintiff, he was walking past a 20-foot extension ladder which a worker from another trade was using to scrape the ceiling, when the ladder suddenly fell, and he was struck by both the falling ladder and the worker who had been standing on it. The plaintiff allegedly was employed at the time of the accident by a masonry subcontractor hired by the defendants the J 40, LLC, and the J Construction Company, LLC (hereinafter together the J defendants), which acted as the construction managers on the project.

Contrary to the plaintiff's contention, the Supreme Court properly denied his motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the J defendants. The primary purpose of Labor Law § 240 (1) is to extend special protections to "employees" or "workers" (*see Stringer v Musacchia*, 11 NY3d 212, 215 [2008]; *Mordkofsky v V.C.V. Dev. Corp.*, 76 NY2d 573, 577 [1990]; *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985]). To be entitled to the protection of Labor Law § 240 (1), a plaintiff must "demonstrate that 'he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it [the] owner, contractor or their agent' " (*Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 50-51 [2004], quoting *Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see* Labor Law § 2 [5], [7]).

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, since there is a triable issue of fact as to whether he was employed within the meaning of the Labor Law; that is, whether, at the time of the accident, he was "permitted or suffered to work" at the site and received monetary compensation therefor (Labor Law § 2 [7]; *see Stringer v Musacchia*, 11 NY3d at 215; *Cromwell v Hess*, 63 AD3d 1651 [2009]; *Baker v Muraski*, 61 AD3d 1373 [2009]). While the plaintiff testified at his deposition that, at the time of the accident, he was working on the first floor of the site as a "helper," transporting materials to the masons who were installing new elevator shafts, the J defendants' field superintendent, Michael Arlotta, testified at a deposition that, on the day of the accident, the plaintiff arrived at the site wearing street clothes looking for the masonry subcontractor to get paid for a prior job and that the plaintiff was not working at the site. Arlotta testified that he escorted the plaintiff off of the premises, but 20 to 30 minutes later, he received a phone call informing him that the plaintiff was claiming that "he had gotten hurt." Arlotta also testified that only one mason was working that day, that the mason was working on the sixth or seventh floor, that only one laborer named "Alvarez" was working that day, and that no work was being performed on the first floor where the accident allegedly occurred.

Contrary to the plaintiff's contention, the determination of the Workers' Compensation Board (hereinafter the WCB) that he sustained a work-related injury does not collaterally estop the J defendants from arguing that he was not employed at the site at the time of the accident, because there is no indication in

the record that this was a disputed issue at the Workers' Compensation proceeding or that the WCB specifically adjudicated this issue (*see Vitello v Amboy Bus Co.*, 83 AD3d 932, 933 [2011]; *Weitz v Anzek Constr. Corp.*, 65 AD3d 678, 679 [2009]; *Baker v Muraski*, 61 AD3d at 1374; *Caiola v Allcity Ins. Co.*, 257 AD2d 586, 587 [1999]).

However, the Supreme Court erred in granting the defendants' respective cross motions for summary judgment dismissing the complaint insofar as asserted against each of them. The defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240 (1). The evidence submitted by the defendants in support of their respective cross motions did not establish "the absence of a causal nexus between the worker's injury and a lack or failure of a device prescribed by section 240 (1)" (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 9 [2011], citing *Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490-491 [1995]; *see Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 268 [2001]). The plaintiff's deposition testimony raises a triable issue of fact as to whether the ladder and the unidentified worker fell on him "because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d at 268). Contrary to the defendants' contentions, the injury did not result "from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first place" (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825 [2008]). To the contrary, the injury allegedly occurred when the "protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501 [1993] [emphasis omitted]), and the hazard presented here is of the type contemplated in Labor Law § 240 (1) (*see Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978 [2003]; *De Haen v Rockwood Sprinkler Co.*, 258 NY 350, 353-354 [1932]; *Cantineri v Carrere*, 60 AD3d 1331, 1333 [2009]; *Castillo v 62-25 30th Ave. Realty, LLC*, 47 AD3d 865, 866 [2008]; *Kok Choy Yeen v NWE Corp.*, 37 AD3d 547, 549 [2007]; *Thompson v St. Charles Condominiums*, 303 AD2d 152, 153 [2003]; *Jiron v China Buddhist Assn.*, 266 AD2d 347, 349 [1999]; *Smith v Jesus People*, 113 AD2d 980, 983 [1985]).

The defendants also failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as it

was predicated upon 12 NYCRR 23-1.21 (b) (4) (iv). The defendants failed to submit evidence to negate the applicability of 12 NYCRR 23-1.21 (b) (4) (iv) as a predicate for this cause of action (*see Kun Yong Ke v Oversea Chinese Mission, Inc.*, 49 AD3d 508 [2008]; *Hunter v R.J.L. Dev., LLC*, 44 AD3d 822, 824 [2007]; *Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173, 176 [2004]). Contrary to the defendants' contentions, it is of no consequence that the plaintiff was not on the ladder when he was injured, so long as the violation of the Industrial Code was a proximate cause of his injuries (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 502). The plaintiff's deposition testimony raises a triable issue of fact as to whether 12 NYCRR 23-1.21 (b) (4) (iv) was violated and, if so, whether such violation was a proximate cause of his injuries (*see Kun Yong Ke v Oversea Chinese Mission, Inc.*, 49 AD3d 508 [2008]; *Hunter v R.J.L. Dev., LLC*, 44 AD3d at 824; *Ferrero v Best Modular Homes, Inc.*, 33 AD3d 847, 851 [2006]).

As to Labor Law § 200 and common-law negligence, "Labor Law § 200 (1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (*Ortega v Puccia*, 57 AD3d 54, 60 [2008]; *see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d at 505). Where, as here, a plaintiff's claim arises out of alleged defects or dangers in the methods or materials of the work, to prevail on a cause of action alleging a violation of Labor Law § 200, the plaintiff must show that the defendant "had the authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d at 61; *see Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644, 646 [2010]; *Gasques v State of New York*, 59 AD3d 666, 667-668 [2009], *affd* 15 NY3d 869 [2010]). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (*Ortega v Puccia*, 57 AD3d at 62). "[T]he right to generally supervise the work, stop the contractor's work if a safety violation is noted, or to ensure compliance with safety regulations and contract specifications is insufficient to impose liability under Labor Law § 200 or for common-law negligence" (*Austin v Consolidated Edison, Inc.*, 79 AD3d 682, 684 [2010] [internal quotation marks omitted]; *see Cambizaca v New York City Tr. Auth.*, 57 AD3d 701 [2008]). The defendants each failed to make a prima facie showing that they did not have the authority to control the manner in which the plaintiff, or the workers using the ladder which allegedly caused his injury, performed their work (*see Hurtado v Interstate Materials Corp.*, 56 AD3d 722 [2008]).

Since the defendants failed to meet their respective burdens

on their separate cross motions, the Supreme Court should have denied their cross motions, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.