■ Claudio Vera et al., Respondents, v Low Income Marketing Corp., Appellant-Respondent, and Skyline Scaffolding Group, Inc., Respondent-Appellant, et al., Defendant. (And a Third-Party Action.) [43 NYS3d 307]—

---

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about July 16, 2015, which, insofar as appealed from, granted plaintiffs' motion for partial summary judgment on the Labor Law § 240 (1) claim as against defendant Low Income Marketing Corp. (LIMC), denied LIMC's motion for summary judgment dismissing the Labor Law §§ 200, 240 (1), and 241 (6) claims as against it and on its indemnification claims against defendant Skyline Scaffolding Group, Inc., and denied Skyline's motion for summary judgment dismissing the common-law negligence claim and LIMC's cross claims against it, modified, on the law, without costs, to grant Skyline's motion, and otherwise affirmed.

The motion court properly granted plaintiffs' motion for partial summary judgment on their Labor Law § 240 (1) claim as against defendant owner LIMC, and properly denied LIMC's motion for summary judgment dismissing the Labor Law §§ 200, 240 (1), and 241 (6) claims as against it. The finding of the Workers' Compensation Board (WCB) that plaintiff Claudio Vera was not an "employee" of the general contractor is not entitled to preclusive effect. Plaintiff has established that he was "employed" within the meaning of the Labor Law, i.e., he was suffered and permitted to work at the job site, entitling him to partial summary judgment on the issue of liability on the section 240 (1) claim.

The doctrine of collateral estoppel, or issue preclusion, bars relitigation of issues of ultimate fact where the issues have been conclusively determined against one party in a proceeding where that party had a full and fair opportunity to litigate the issue (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; Gilberg v Barbieri, 53 NY2d 285, 291 [1981]). As the party seeking to invoke collateral estoppel, it was LIMC's burden to establish identity of issue (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]).

The WCB found that there was no employer/employee relationship between plaintiff and the general contractor, defendant New York Fast General Contracting Corp. (NY Fast), so as to require NY Fast to provide workers' compensation benefits. There was no identity of issue as to the material question of plaintiff's "employment" at the site, given the different statutory definitions of "employment" in the Labor Law and the Workers' Compensation Law (see Baker v Muraski, 61 AD3d 1373, 1374 [4th Dept 2009] [determination by the WCB that the plaintiff was not employed by the defendant was not entitled to preclusive effect as the definitions of "employee," "employer," and "employed" in Labor Law § 2 (5) through (7)

differ from those of "employer," "employee," and "employment" in section 201 (4) through (6) of the Workers' Compensation Law]). In addition, the WCB made no determination that plaintiff was in any way a "volunteer" at the site. While the dissent would find an issue of fact requiring denial of plaintiffs' motion for partial summary judgment, it agrees that there is no identity of issue between the WCB hearing and this action.[1] We accordingly find that the determination of the WCB is not entitled to preclusive effect.

Further, plaintiff was entitled to partial summary judgment as against LIMC. For purposes of determining the liability of an owner, such as LIMC, under Labor Law § 240 (1), the issue of whether plaintiff was employed by NY Fast or some other entity is of no moment, as long as it is undisputed that plaintiff was "permitted or suffered to work" on the premises on the date of the accident (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]; *see e.g. Paredes v 1668 Realty Assoc., LLC*, 110 AD3d 700, 701 [2d Dept 2013]; *Knauer v Anderson*, 299 AD2d 824, 825 [4th Dept 2002]). The owner is liable for a breach of section 240 (1) even if he did not supervise or control the work being performed and despite the fact that the person injured was an independent contractor engaged to do the work (*see Haimes v New York Tel. Co.*, 46 NY2d 132 [1978]). The purpose of section 240 (1) of the Labor Law is "to minimize injuries to employees by placing ultimate responsibility for safety practices on owners and contractors, rather than on the workers, who as a practical matter lack the means of protecting themselves from accidents" (*Martinez v City of New York*, 93 NY2d 322, 325 [1999]).

Plaintiff submitted evidence demonstrating that his company was hired by NY Fast to supply containers and that plaintiff was properly at the work site. He testified that he had an agreement with a principal of NY Fast to help load the dumpsters and that he received compensation for doing so. The dissent complains that plaintiff's submissions do not include an affidavit from the NY Fast foreman. However, plaintiff's testimony on the issue is not hearsay and was uncontroverted.[2]

A contractor properly on the site to off-load dumpsters can-

---

1. The dissent quibbles over the precise import of the *Baker* decision, but does not dispute that *Baker* held that in view of the differing definitions of "employee" in the Workers' Compensation Law and the Labor Law, there was no identity of issue between a WCB proceeding and a Labor Law action. The further comment the court made concerning the element of payment does not detract from this essential holding.

2. The testimony of Oscar Velasquez, the president and owner of NY Fast, was not probative as Mr. Velasquez was not present at the time of the

not be characterized as a "volunteer." The NY Fast foreman unlocked the street-level entrance door in order to permit plaintiff entry. From there, plaintiff proceeded to a second-floor scaffold where he helped other workers load debris into a container. The NY Fast foreman instructed plaintiff concerning which materials to place in the dumpster, and of course, plaintiff was atop the scaffold at the time of the accident, refuting any suggestion that plaintiff was somehow unauthorized or a volunteer.

The sole issue at the workers' compensation hearing was whether plaintiff was an employee of NY Fast so as to be entitled to workers' compensation benefits. The sole finding made by the ALJ was that plaintiff was an "independent contractor" not entitled to receive workers' compensation. The ALJ made no determination as to the scope of that work. Indeed, the ALJ noted that plaintiff testified that "he charges two different bills. . . . [H]e can pay just for the dumpster or a dumpster and personnel to help out." The ALJ did not find that plaintiff's work was "on his own" volition. Plaintiff testified that he was injured when a scaffold collapsed underneath him while he was helping to load a container with construction debris.

LIMC fails to point to any evidence demonstrating that plaintiff was not "employed" on the premises on the date of the accident, and therefore, fails to raise a triable issue of fact. Having established that he was "employed" within the meaning of the Labor Law, plaintiff is entitled to partial summary judgment on the issue of liability on his section 240 (1) claim.

The common-law negligence claim must be dismissed as against Skyline, because there is no evidence that Skyline created the condition that resulted in the collapse of the scaffold (see *Urbina v 26 Ct. St. Assoc., LLC*, 12 AD3d 225, 226 [1st Dept 2004]). The record shows that the scaffold did not receive any code violations following a city inspection and that there were no complaints about the condition of the scaffold after its installation, and plaintiff's testimony establishes that the scaffold was sturdy before the accident.

In view of the foregoing, Skyline is entitled to summary judgment dismissing LIMC's cross claims against it. Concur—Renwick, Manzanet-Daniels and Webber, JJ.

Sweeny, J.P., dissents in part in a memorandum as follows: The record clearly demonstrates that there is a material issue

accident and had no firsthand knowledge concerning how plaintiff was injured or what he was asked or permitted to do at the site.

of fact whether plaintiff Claudio Vera was an employee entitled to the protections of Labor Law § 240 (1).

Defendant LIMC hired defendant NY Fast to demolish a building on its premises. NY Fast hired Vera Contracting, owned and operated by plaintiff, to deliver three empty dumpsters to the demolition site and to haul them away when full. Plaintiff stated that he was paid extra to assist with the loading of building debris into the dumpsters. He claimed that this work was done pursuant to an oral agreement with an employee of NY Fast. To perform this work, plaintiff stated that the site foreman unlocked the door to a scaffold erected next to the building by defendant Skyline in order to give him access. After filling two dumpsters and taking them to the dump, plaintiff began filling the third dumpster. He was standing atop the scaffold depositing debris into a dumpster when the scaffold planks collapsed under him, causing him to fall 6 to 10 feet, fracturing his heel bone.

Oscar Velasquez, the president and owner of NY Fast, testified at his deposition that Vera Contracting was hired pursuant to an oral contract "only to drive their truck, drop the container on the street and leave." Vera was to return to pick up the container once it was filled by NY Fast employees. Velasquez testified that plaintiff was not an employee of NY Fast, had not been hired to work on the site, and did not have the right or permission to enter the demolition site or use the scaffolding. He also denied that plaintiff was paid for working on the demolition site beyond the delivery of the dumpsters. Although not present at the site at the time of plaintiff's fall, he did see plaintiff deliver containers to the site on that day.

After the accident, plaintiff asked Velasquez to file a claim for him through NY Fast's workers' compensation policy but Velasquez refused since plaintiff did not work for NY Fast.

A Workers' Compensation Board (WCB) hearing was held on April 30, 2013. Both plaintiff and Velasquez testified at the hearing consistent with their deposition testimony. The WCB Administrative Law Judge (ALJ) disallowed plaintiff's claim, finding that there was no employer/employee relationship between plaintiff and NY Fast. The ALJ determined that plaintiff was "clearly an independent contractor" and was hired "just to drop off the dumpsters."

The premise underlying the majority's conclusion that plaintiff is entitled to invoke the protections of Labor Law § 240 (1) rests on the definitions contained in that statute. The majority contends that plaintiff "established that he was 'employed' within the meaning of the Labor Law, i.e., he was

suffered and permitted to work at the job site," as defined in Labor Law § 2 (7). As a result, the majority finds he is covered by the provisions of Labor Law § 240 (1). However, "[t]o come within the special class for whose benefit absolute liability is imposed upon contractors, owners and their agents to furnish safe equipment for employees under section 240 of the Labor Law, a plaintiff must demonstrate that he was both permitted or suffered to work on a building or structure and that he was hired by someone, be it owner, contractor or their agent" to perform that work (*Whelen v Warwick Val. Civic & Social Club*, 47 NY2d 970, 971 [1979]). Put another way, "[a]lthough the Labor Law defines an individual 'employed' as including one who is 'permitted or suffered to work' (§ 2, subd 7), this definition must be read in conjunction with that of 'employee', which is defined as 'a mechanic, workingman or laborer working for another for *hire*' (§ 2, subd 5)" (*id.*). Evidence that a person is a hired employee, bringing him or her within the special protections of Labor Law § 240, includes the existence of a "voluntary undertaking of a mutual obligation—the employee agrees to perform a service in return for compensation" from the employer, who "may exercise authority in directing and supervising the manner and method of the work" and who usually "decides whether the task undertaken by the employee has been completed satisfactorily" (*Stringer v Musacchia*, 11 NY3d 212, 215-216 [2008]).

Applying these principles to the facts of this case, there is a material question of fact whether plaintiff falls within the protection of the statute.

The WCB ALJ found after a hearing that plaintiff had not been hired to load debris into the dumpster but had been hired solely to deliver dumpsters to the demolition site and that any other work he performed was done voluntarily. He also determined that no employee/employer relationship existed as between plaintiff and NY Fast. While a determination by the WCB after a hearing may have preclusive effect in subsequent litigation (*Vogel v Herk El. Co.*, 229 AD2d 331, 332-333 [1st Dept 1996]), I agree with the majority that, under these facts, such preclusion is not warranted, since the definition of "employee" in the Workers' Compensation Law, although substantially similar, differs from that in the Labor Law.* However, the facts here do not support the majority's conclu-

---

* The majority cites in support of this proposition *Baker v Muraski* (61 AD3d 1373 [4th Dept 2009]), a nonbinding memorandum decision which does not explain how, as a matter of law, the difference in definition would have an effect on our decision in any significant way. The *Baker* court provided no

sion that, as a matter of law, plaintiff was a covered employee under the Labor Law warranting summary judgment in his favor.

The only evidence plaintiff submitted to support his claim that he was working for NY Fast was a hearsay statement that he was "tasked" to help load the dumpster by a Mr. Barrero, a foreman for NY Fast. No affidavit or other evidence from Barrero or any other principal or employee of NY Fast was submitted in support of plaintiff's claim. Hearsay statements cannot be considered as evidence to support a motion for summary judgment (*see Zuckerman v City of New York*, 49 NY2d 557, 560, 563 [1980]; *Batista v Santiago*, 25 AD3d 326 [1st Dept 2006]). Additionally, no evidence of payment for plaintiff's work by NY Fast or any other entity on the job site for this work appears in the record. Although the majority dismisses the testimony of Velasquez as "not probative" on the issue of employment, his testimony is equally compelling, if not more so, than that of plaintiff. Moreover, although not preclusive, I must note that despite the majority's contention that the WCB made "no determination that plaintiff was in any way a 'volunteer' at the site" so as to remove him from the protection of section 240 (1), the ALJ specifically found that plaintiff was "hired just to drop off the dumpsters" and that whatever he did after that was "on his own." It is certainly not illogical, as the majority suggests, for a person to properly be on a job site and yet not be an employee of one of the contractors at that site, particularly where, as here, plaintiff was clearly an independent contractor. This, conceededly, does not automatically make him a volunteer. However, at the very least, defendant NY Fast raises a material question of fact that requires the denial of plaintiff's motion for summary judgment (*International Customs Assoc. v Bristol-Myers Squibb Co.*, 233 AD2d 161, 162 [1st Dept 1996]).

The cases cited by the majority do not support plaintiff's position. In each of those cases, the injured plaintiff was performing the work for which he was hired, whether as an employee or independent contractor and thus, there was no question as to whether he was a "volunteer" or that he was covered by the protections of Labor Law § 240 (1).

I would therefore deny plaintiff's motion for partial summary judgment and leave this issue for determination at trial.

---

examples as to what these differences are. It found that there was no testimony at the WCB as to the element of payment, a requirement of coverage under Labor Law § 240 (1) and thus concluded, as we do here, that there was no identity of issue between the WCB hearing and the subsequent personal injury litigation (*id.* at 1373-1374).