■ DAVID GRIFFIN, Appellant, v AVA REALTY ITHACA, LLC, et al., Respondents, et al., Defendant. (And Two Third-Party Actions.) [54 NYS3d 747]—

Garry, J.P. Appeal from an order of the Supreme Court (Rumsey, J.), entered May 10, 2016 in Tompkins County, which, among other things, denied plaintiff's motion for partial summary judgment.

In January 2013, plaintiff and his coworker, Patrick Gerrard, were constructing a masonry elevator shaft when the scaffolding they were working on collapsed. The men fell more than 40 feet into the shaft. In October 2013, plaintiff commenced this action seeking to recover damages for his resulting injuries against defendants Varish Construction, Inc. and Varish Construction International, Inc. (hereinafter collectively referred to as Varish), the general contractors, as well as defendant AVA Realty Ithaca, LLC, the property owner, and defendant Aspen General Contractors, Inc., the masonry subcontractor.*

Gerrard filed a separate action to recover for his injuries. In June 2014, Supreme Court granted Gerrard's motion for partial summary judgment as to liability on his Labor Law § 240 (1) claim as against AVA and Varish Construction, Inc., upon finding, as pertinent here, that Gerrard was not the sole proximate cause of his injuries. Thereafter, in the current action, plaintiff also moved for partial summary judgment as to liability on his Labor Law § 240 (1) claim against AVA and Varish. Supreme Court denied plaintiff's motion on the grounds that there were issues of fact as to whether plaintiff was the sole proximate cause of his injuries, and that the doctrine of collateral estoppel did not apply. Plaintiff appeals.

We agree with Supreme Court that the doctrine of collateral estoppel does not apply. The doctrine precludes a party from relitigating an issue that is identical to a material issue that was necessarily decided in an earlier action, where the party had a "full and fair opportunity to litigate the issue in the earlier action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999] [citation omitted]; *see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]). It was plaintiff's burden, as the

---

* The contract for the construction project giving rise to plaintiff's injuries names "Varish Construction International" as the contractor. However, the entity "Varish Construction Company, Inc." subcontracted masonry work to Aspen. Thomas Varish, the sole shareholder of both entities, testified that Varish Construction International, Inc. is a subsidiary of Varish Construction, Inc.

party invoking the doctrine, to establish identity of issue (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *Vera v Low Income Mktg. Corp.*, 145 AD3d 509, 510 [2016]). In Gerrard's action, Supreme Court held that Gerrard could not have been the sole proximate cause of his injuries because he was not involved in the reassembly of the scaffolding. Here, in contrast, it is undisputed that plaintiff participated in the disassembly and reassembly of the scaffolding. This presents a distinctly different factual issue. Moreover, the issue of sole proximate cause related to plaintiff's actions was not decided in Gerrard's action. Accordingly, Supreme Court properly declined to give the determination in Gerrard's action preclusive effect (*see Vera v Low Income Mktg. Corp.*, 145 AD3d at 511; *Gadani v DeBrino Caulking Assoc., Inc.*, 86 AD3d 689, 692 [2011]; *Walter v White-Bonn, Inc.*, 8 AD3d 715, 716 [2004]).

To demonstrate entitlement to summary judgment on his Labor Law § 240 (1) claim, plaintiff bore the burden of demonstrating, as a matter of law, that a violation of the statute was the proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287 [2003]; *Ortman v Logsdon*, 121 AD3d 1388, 1389 [2014]; *Silvia v Bow Tie Partners, LLC*, 77 AD3d 1143, 1144 [2010]). Initially, as plaintiff was engaged to complete masonry work at the construction site and was "injured as the result of a fall from an elevated work site, . . . this matter [is] squarely within the purview of Labor Law § 240 (1)" (*Kyle v City of New York*, 268 AD2d 192, 196 [2000], *lv denied* 97 NY2d 608 [2002]; *see Salzer v Benderson Dev. Co., LLC*, 130 AD3d 1226, 1228 [2015]). We find no merit in Varish's contention that Labor Law § 240 (1) does not apply in that plaintiff was allegedly an independent contractor, not an employee. The duty to provide a safe working environment is nondelegable, and a contractor or owner and its agents may be liable "even though it exercised no control over, or supervision of, an independent contractor who performed the job" (*Karnes v Saratoga Pine Ridge*, 241 AD2d 810, 811 [1997] [internal quotation marks and citations omitted]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d at 287; *Arey v M. Dunn, Inc.*, 29 AD3d 1137, 1139 [2006]).

In support of his motion, plaintiff submitted his own deposition testimony, the contract between Varish and Aspen, and the Occupational Safety and Health Act (hereinafter OSHA) citation and notification of penalty. Plaintiff testified that on the first day of the project—two days before the accident—Aspen's project manager, Steve Stafford, directed him to relocate the scaffolding from the bottom of the elevator shaft to

the fourth floor, and assisted him in doing so. It is undisputed that the scaffolding's base plates, which were embedded in ice at the bottom of the shaft, were never reattached to the scaffolding when it was reassembled. On the second day thereafter, while plaintiff and Gerrard were upon the scaffolding, it punctured the decking that it was resting upon and collapsed, causing them both to fall. The parties agree that the presence of the scaffolding's base plates, or an appropriate alternative, would have prevented its collapse. The OSHA citation and notification of penalty identified the absence of the base plates and a "personal fall arrest system or guardrail system" to be violations of OSHA regulations.

Plaintiff thus established a prima facie showing of liability under the statute, and the burden shifted to defendants to raise questions of fact. Defendants assert that plaintiff was the sole proximate cause of his injuries. A plaintiff is the sole proximate cause of his or her injuries where it is shown that "[he or she] had adequate safety devices available; that he [or she] knew both that they were available and that he [or she] was expected to use them; that he [or she] chose for no good reason not to do so; and that had he [or she] not made that choice he [or she] would not have been injured" (*Cahill v Triborough Bridge & Tunnel Auth.*, 4 NY3d 35, 40 [2004]).

Defendants' proof essentially relies upon Stafford's assertion that he did not, in fact, supervise or direct plaintiff's activities at the work site relative to the use of the scaffolding or the safety issues related to its use and construction. The testimony presents conflicting claims as to the extent to which plaintiff was provided with or received direct supervision at the work site, his own awareness of the safety risks, and the adequacy and availability of alternative safety devices, beyond the improperly reconstructed scaffolding. This evidence appears to present factual issues for trial, and Supreme Court relied upon these conflicts in rendering its determination. However, in the argument upon appeal, plaintiff places greater emphasis upon the contract between Varish and Aspen—which is in the record and which Stafford signed—to reveal that, despite this conflicting testimony, the evidence does not support the assertion that plaintiff was the sole proximate cause of his injuries.

The contract provides, as pertinent here, that Aspen was responsible for supplying proper safety equipment and for the "enforcement of OSHA safety regulations" in the areas under Aspen's specific scope of work. In light of Stafford's testimony, it cannot be disputed that Aspen wholly failed to meet or uphold this obligation. Although Varish, at oral argument, as-

serted in turn that plaintiff assumed responsibility to exercise control over the project in a subcontract with Aspen, that contract is not in the record; it is indeed undisputed that it was never signed by plaintiff. Under these circumstances, we find that plaintiff could not have been the sole proximate cause of his injuries.

Aspen failed to meet its statutory and contractual obligations to provide the protection that would have prevented plaintiff's accident and resulting injuries. This breach of duty was a direct cause of the failure of the required safety equipment and a proximate cause of plaintiff's injuries, even if plaintiff could also be shown to bear some partial responsibility. As the statute places "ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor," AVA and Varish cannot divorce themselves from Aspen's failure and the resulting liability (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 520 [1985] [internal quotation marks and citation omitted]). Accordingly, plaintiff has demonstrated an entitlement to partial summary judgment as to liability upon the Labor Law § 240 (1) claim as against AVA and Varish (*see Salzer v Benderson Dev. Co., LLC*, 130 AD3d at 1228-1229; *Meyers v State of New York*, 30 AD3d 927, 928 [2006], *lv dismissed* 7 NY3d 864 [2006]; *Kyle v City of New York*, 268 AD2d at 195).

Lynch, Rose, Clark and Aarons, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim; motion granted; and, as so modified, affirmed.