Sultan v Zhu (2020 NY Slip Op 01285)





Sultan v Zhu


2020 NY Slip Op 01285


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


11105 101402/17

[*1] Burton S. Sultan, Plaintiff-Appellant,
v
Michael H. Zhu, Esq., et al., Defendants-Respondents.


Burton S. Sultan, appellant pro se.
Kaufman, Dolowich & Voluck, LLP, New York (Anthony J. Proscia of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 28, 2018, which granted defendants' motion to dismiss the complaint alleging claims for legal malpractice and breach of fiduciary duty, unanimously affirmed, without costs.
Defendants were retained by plaintiff in July of 2013 to represent him in an underlying action involving a dispute over allocation of repairs of condominium common areas in a townhouse. On appeal, plaintiff argues primarily that defendants negligently represented him because they failed to succeed in relieving him of a judgment in the amount of over $538,000 that had been entered against him in December 2012, notwithstanding an earlier judgment, entered in February 2003, following arbitration, which capped his liability at $127,660. Plaintiff alleges that defendants failed to even bring the fact of the inconsistent judgments to the court's attention.
Plaintiff's allegations in this vein do not amount to actionable malpractice (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50 [2015]). The record makes clear that the judge who directed entry of both judgments was fully aware of the terms of the earlier judgment, but the circumstances had changed in the intervening ten years due to Dr. Sultan's own delays and the added costs that his obstruction had caused. As such, the second judgment superseded the first, and the two were not inconsistent.
The IAS court also correctly determined that the remainder of the allegations underlying plaintiff's malpractice claims were barred by the doctrines of res judicata and collateral estoppel pursuant to CPLR 3211(a)(5) (see e.g. Karakash v Trakas, 163 AD3d 788 [2d Dept 2018]; Vera v Low Income Mktg. Corp., 145 AD3d 509, 510 [1st Dept 2016]). Many of the issues raised in the complaint have already been fully vetted and decided against Dr. Sultan despite his being precluded from relitigating those issues on appeal (id.).
Further, while plaintiff asserts for the first time on appeal that his claim for breach of fiduciary duty is not duplicative of his legal malpractice claims because it seeks separate damages, namely for wrongful and excessive billing, there are no such allegations in the complaint. This Court has not considered this new theory advanced by plaintiff, which was not alleged by plaintiff in any event (Bautista v Hach & Rose, LLP, 176 AD3d 546 [1st Dept 2019]).
We have considered plaintiff's remaining arguments, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK