Saiti v 316 E. 68th St. Corp. (2021 NY Slip Op 02617)





Saiti v 316 E. 68th St. Corp.


2021 NY Slip Op 02617


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Webber, J.P., Singh, González, Shulman, JJ. 


Index No. 654127/19 Appeal No. 13694 Case No. 2020-03650 

[*1]Braim Saiti, Plaintiff-Appellant,
v
316 East 68th Street Corp., Defendant-Respondent.


Turturro Law, P.C., Brooklyn (Natraj S. Bhushan of counsel), for appellant.
Paduano & Weintraub LLP, New York (Meredith Cavallaro of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about February 26, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court correctly determined that the allegations underlying plaintiff's breach of contract, promissory estoppel, and unjust enrichment claims are barred by the doctrine of res judicata, and subject to dismissal under pursuant to CPLR 3211(a)(5). Contrary to plaintiff's contention, the requisite privity exists for purposes of res judicata because the record establishes that his union filed a grievance on his behalf challenging defendant's termination of his employment and represented him during the prior arbitration (see Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485-486 [1979]; Spasiano v Provident Mut. Life Ins. Co., 2 AD3d 1466, 1467 [4th Dept 2003]). All of the allegations in the complaint were reasonably and plainly within the scope of the dispute submitted to arbitration. The arbitration award addressed the issue of what compensation plaintiff was entitled to receive as a result of defendant terminating his employment (see Sultan v Zhu, 180 AD3d 585, 586 [1st Dept 2020], lv denied 35 NY3d 917 [2020]).
Plaintiff's opposition to the motion failed to sustain his burden of showing that he did not have a full and fair opportunity to litigate the construction projects at issue during the prior arbitration proceeding. The collective bargaining agreement between the parties permitted his union to question his wage when an obvious inequity existed by reason of plaintiff regularly having to apply specialized abilities in his work or where the work imposed additional responsibilities upon him (see Martin v Geico Direct Ins., 31 AD3d 505, 506 [2d Dept 2006]). Furthermore, plaintiff's affidavit did not address how the projects he refused to complete for the interior of defendant's building before defendant terminated his employment as described in the arbitration award do not arise out of the same transaction or occurrence as the construction projects at issue (see O'Brien v City of Syracuse, 54 NY2d 353, 357-358 [1981]; Platon v Linden-Marshall Contr. Inc., 176 AD3d 409, 410 [1st Dept 2019]; Getty Props. Corp. v Getty Petroleum Mktg. Inc., 150 AD3d 541, 542 [1st Dept 2017], lv dismissed 30 NY3d 1083 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021