| |
|---|
| **Jobar Holding Corp. v Halio** |
| 2024 NY Slip Op 33526(U) |
| September 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655689/2017 |
| Judge: Joel M. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

------------------------------------------------------------------------------X

JOBAR HOLDING CORPORATION, ROBERT BUCK, INDIVIDUALLY, AND ROBERT BUCK, AS EXECUTOR OF THE ESTATE OF JOAN BUCK, DELIVATIVELY AS SHAREHOLDERS ON BEHALF OF JOBAR HOLDING CORPORATION,

| | |
|---|---|
| **INDEX NO.** | 655689/2017 |
| **MOTION DATE** | 07/31/2024 |
| **MOTION SEQ. NO.** | 015 |

Plaintiffs,

- v -

**DECISION + ORDER ON MOTION**

BARBARA HALIO,

Defendant.

------------------------------------------------------------------------------X

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 015) 299, 300, 301, 302, 303, 304, 305

were read on this motion to _____ DISMISS _____.

Defendant Barbara Halio's ("Defendant") motion to dismiss Plaintiffs' Second Amended Complaint (NYSCEF 270) pursuant to CPLR 3211(a)(5) and (7) is **denied**.

## A. Background

This is family business dispute. Plaintiffs allege that Defendant improperly diverted funds from Jobar Holding Corporation ("Jobar") to herself and her family.

On October 7, 2020, the Court granted in substantial part Defendant's motion to dismiss the Amended Complaint on the grounds that Plaintiffs mixed direct and derivative causes of action (NYSCEF 185). Following oral argument, the Court stated, "I would not entirely foreclose the possibility that if facts come up that would give rise to a possible individual claim, based on funds being withheld only from this particular Plaintiff, then the Plaintiff can seek leave to amend" (NYSCEF 235 [Tr. at 42]).

**655689/2017  JOBAR HOLDING CORPORATION vs. HALIO, BARBARA**
**Motion No.  015**

**Page 1 of 4**

1 of 4

Plaintiffs moved to amend to assert five direct claims and one derivative claim. By order dated March 15, 2024, the Court granted Plaintiffs' motion to file their Second Amended Complaint (NYSCEF 269). Of note, Defendant was unrepresented when the motion to amend was granted.

Replacement counsel for Defendant filed a Notice of Appearance on April 17, 2024 (NYSCEF 271) and subsequently moved to dismiss the Second Amended Complaint. Defendant's motion is supported only by an affirmation of counsel (NYSCEF 300). Defendant argues that the claims asserted in the Second Amended improperly seek to resurrect dismissed claims and that collateral estoppel applies because Plaintiffs withdrew their appeal from the Court's October 2020 order.

**B. Legal Standard**

CPLR 3211(a)(5) provides for dismissal where "the cause of action may not be maintained because of. . .collateral estoppel." "The doctrine of collateral estoppel, or issue preclusion, bars relitigation of issues of ultimate fact where the issues have been conclusively determined against one party in a proceeding where that party had a full and fair opportunity to litigate the issue" (*Vera v Low Income Mktg. Corp.*, 145 AD3d 509, 510 [1st Dept 2016] citing *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 455 [1985] [other citations omitted]). The moving party bears the burden of establishing that collateral estoppel applies (*id.* citing *Parker v. Blauvelt Volunteer Fire Co.,* 93 N.Y.2d 343, 349 [1999]).

CPLR 3211(a)(7) provides for dismissal where "the pleading fails to state a cause of action." When assessing a motion to dismiss for failure to state a cause of action, the court must afford the pleadings a liberal construction, accept the allegations of the complaint as true and

655689/2017   JOBAR HOLDING CORPORATION vs. HALIO, BARBARA
Motion No.  015

Page 2 of 4

2 of 4

[* 2]

provide the plaintiffs with "the benefit of every possible favorable inference" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]).

### C. The Motion to Dismiss is Denied

Defendant argues that the Second Amended Complaint should be dismissed because it includes causes of action that were dismissed by the Court in the October 7, 2020, order. Defendant further argues that collateral estoppel applies because Plaintiffs withdrew their appeal from the Court's 2020 order. The Court disagrees and denies the motion to dismiss.

First, the Second Amended Complaint – which is based on discovery in this action (NYSCEF 303 – 305) – has been clarified to assert five direct claims and a single derivative claim. The motion to amend was made, in part, in response to comments made by the Court during oral argument on October 7, 2020. Accordingly, the claims are not subject to dismissal as duplicative of the previously dismissed claims.

Second, Plaintiffs did not withdraw an appeal. The letter cited by Defendant provides that Plaintiffs were withdrawing a pending motion to extend the time to perfect an appeal from the October 7, 2020, order because the motion was moot (NYSCEF 302). Contrary to Defendant's assertion, the appeal was perfected and not withdrawn. Moreover, the appeal does not concern Plaintiffs' revised claims which are distinct from those that were dismissed. Accordingly, Defendants' estoppel argument is without merit.

Third, Defendant does not make any new arguments in support of its motion to dismiss for failure to state a claim. Instead, Defendant only cites to the Court's prior dismissal order and other filings. Therefore, Defendant has not established that dismissal is warranted.

\* \* \* \*

Accordingly, it is

**655689/2017   JOBAR HOLDING CORPORATION vs. HALIO, BARBARA**
**Motion No.  015**

Page 3 of 4

**ORDERED** that Defendant's motion to dismiss is **DENIED**; it is further

**ORDERED** that Defendant's answer the Second Amended Complaint within twenty days; it is further

**ORDERED** that the parties submit a status update letter, including whether any discovery remains outstanding, within thirty (30) days.

This constitutes the decision and order of the Court.

20240926135527JMCOHEN3A1A0DEEE6F249D5BA2F60AD68E47A3B

_____
**9/26/2024**
**DATE**

_____
**JOEL M. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655689/2017   JOBAR HOLDING CORPORATION vs. HALIO, BARBARA
Motion No.  015

Page 4 of 4

4 of 4