■ Bruce Ziegler, Respondent, v Lester Raskin et al., Respondents, and Merchants Mutual Insurance Company, Appellant. — Order of the Supreme Court, New York County (L. Grossman, J.), entered October 20, 1983, which denied the motion of defendant-appellant Merchants Mutual Insurance Company to dismiss the amended complaint as against it, is reversed, on the law, and the motion is granted, without costs. ¶ The plaintiff-respondent was injured as the result of a motor vehicle accident which occurred on August 23, 1974. On that date, plaintiff had an insurance policy in effect with the defendant-appellant Merchants Mutual Insurance Company which, *inter alia,* provided for no-fault first-party benefits totaling $50,000, as well as additional coverage with the defendant for extended economic loss under the additional injury protection indorsement. ¶ In October of 1975, plaintiff retained the

defendant law firm to handle his claim. Thereafter, on August 18, 1977, plaintiff and his wife executed a "Full Release and Settlement" for $87,500 with the tort-feasors involved in the auto accident, "forever discharg[ing]" them. The explicit understanding was that the settlement also covered all undisclosed injuries which might arise in the future. Plaintiff claimed that he signed the release "on the advice of counsel" in the belief that it was limited solely to pain and suffering and that it did "not deprive him or prejudice him in any way as to medical payments, loss of earnings, etc., or otherwise he would not accept such settlement." In the interim, defendant insurance company had paid plaintiff $72,408.33 under the no-fault provision and plaintiff, maintaining he still suffered additional medical expenses and economic loss, sought additional payments from the defendant insurer. ¶ When defendant Merchants became aware of plaintiff's settlement with the tort-feasor for the first time, it asserted a lien in the sum of $22,408.33 as overpayment on the policy. Plaintiff demanded a no-fault arbitration against Merchants. After a full hearing, the arbitrator found for the defendant in a decision dated June 3, 1980. ¶ The arbitrator determined that the settlement of the third-party lawsuit was not limited to pain and suffering and that Merchants had a valid defense to plaintiff's claims because of the subrogation clause in the policy. Additionally, the arbitrator held that there was no waiver or estoppel that would bar the defense since the defendant was under no obligation to give notice to plaintiff of the provisions of the subrogation clause. In short, the arbitrator found that plaintiff submitted no proof that the settlement solely covered unrelated noneconomic loss limited to "pain and suffering." In addition, plaintiff never notified defendant of the settlement. ¶ Thereafter, plaintiff commenced two actions, one against defendant attorneys and the other against defendant Merchants. These actions were consolidated. Defendant Merchants moved to dismiss the amended complaint as against it on the grounds there had been a prior award in arbitration and hence plaintiff had waived his right to commence the lawsuit. Defendant further asserted that the claim should be dismissed on the ground of *res judicata* and, finally, that the complaint failed to state a cause of action. Special Term denied this motion on the ground that an issue existed precluding dismissal without a trial. This denial was in error. ¶ The doctrines of *res judicata* and collateral estoppel are applicable to issues resolved by arbitration (*Rembrandt Inds. v Hodges Int.*, 38 NY2d 502, 505). An issue not raised in the arbitration will not bar its consideration in a subsequent action (see Siegel, NY Prac, § 456, p 603). Here, the arbitrator specifically noted that the claimant appeared "to contend that the * * * settlement was limited to 'pain and suffering' and unrelated to economic loss * * * but no proof on this point was submitted." Thus, the arbitrator, "despite sympathy for the injured claimant", was "obliged to hold in favor of respondent [insurer] on the merits of the claim". Plaintiff never moved to set aside this determination. ¶ Moreover, the defendant's rights of subrogation were negated by plaintiff's unambiguous general release. When an insured executes a general release in favor of a tort-feasor without reserving the rights of his insurer, the insured impairs the insurer's right of subrogation and thereby relieves the insurer of any further liability under the policy (see *Aetna Cas. & Sur. Co. v Schulman*, 70 AD2d 792, mot for lv to app den 48 NY2d 608). The additional personal injury protection indorsement mandated by the Insurance Department provides: "*Subrogation*. In the event of any payment for extended economic loss, the Company is subrogated to the extent of such payment to the rights of the person to whom, or for whose benefit, such payments were made. Such person must execute and deliver instruments and papers and do whatever else is necessary to secure such rights. *Such person shall do nothing to prejudice such rights*." (Emphasis added.) By executing the

general release, plaintiff prejudiced the subrogation rights of the insurer as determined by the arbitrator. ¶ *Record v Royal Globe Ins. Co.* (83 AD2d 154), relied upon by plaintiff, is inapposite. There, the release contained an additional typewritten clause which limited it to cover only the conscious pain and suffering pleaded by the wife and so much of the husband's cause of action as sought a recovery for the loss of his wife's services. There was no intent in that case to release either the unpleaded cause of action for loss of earnings or the husband's derivative cause of action for medical expenses. This was buttressed by the clause which provided that the release "in no way releases the [insurer] . or any other insurance carrier for payments due * * * under the no-fault provisions of the insurance law" (*supra*, p 157). There was no such limitation in the case at bar, which involves a general release in unambiguous terms. ¶ Contrary to plaintiff's contention, the insurer was under no obligation to give notice of the subrogation clause. The plaintiff is presumed to know the terms of his policy. In addition, although the insurer appears to have paid claims under the policy, this is insufficient to create a waiver or estoppel, where the insurer was not notified of the settlement prior to such payments. Concur — Kupferman, J. P., Sandler, Sullivan and Asch, JJ.