■ In the Matter of JUDE SELMAN, Appellant, v STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [773 NYS2d 364]—

Judgment, Supreme Court, New York County (Kibbie Payne, J.), entered July 9, 2003, confirming an arbitration award finding petitioner correction officer guilty of employee misconduct, and suspending him without pay for his already served period of suspension plus one week, a period of 3½ months, unanimously affirmed, without costs.

Petitioner argues that his supervisor's order directing him to simultaneously escort two diabetic inmates to his facility's "insulin room" was unlawful, and therefore need not have been followed, since his facility's rules state that inmates are to be escorted to the insulin room "individually." Assuming that petitioner made this argument to the arbitrator (*see Matter of Sherman Fitzpatrick & Co. [Lerner Assoc.]*, 181 AD2d 581 [1992]), he fails to show that disciplining him for refusing to obey this order violates public policy. The public policy exception to an arbitrator's power to resolve disputes is narrow, particularly in arbitrations pursuant to public employment collective bargaining agreements (*see Matter of New York City Tr. Auth. v Transport Workers Union*, 99 NY2d 1, 6-7 [2002]). To vacate the award, petitioner must show, "without engaging in extended factfinding or legal analysis" (*id.* at 7), that "an identifiable public policy exists," "embodied in statute or decisional law," which prohibited the arbitrators, "in an absolute sense," from disciplining him for refusing to escort two inmates simultaneously (*id.* at 11-12). Petitioner fails to make such showing. By its terms, the purpose of the facility-specific rule in question is "[t]o insure the accurate accounting and dis-

posal of Insulin syringes used by self-administering, Insulin dependent inmates during medical staff's off-duty hours." That certain safety considerations are embodied in the rule hardly serves to identify some "well-defined" law (*id.* at 11) pertaining to safety in prisons. The allusion to safety is "simply . . . too generalized and ill-defined" (*id.* at 12, citing *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327 [1999]).

Nor should the award be vacated insofar as it disciplines petitioner for failing to record inmates' use of syringes on the particular form prescribed in the same facility rule. In this regard, petitioner argues that he was not charged with violating the facility rule but with a rule in respondent Department's Employee Manual requiring officers assigned to health care areas to account for hypodermic syringes used by inmates; that the Manual does not prescribe how the information is to be recorded; that the form prescribed in the facility rule was not made available to him; and that he recorded all of the required information in his log book instead. However, it was not irrational for the arbitrators to look to the facility rule to see how the information was to be recorded, and petitioner's argument otherwise raises issues of fact and law that are beyond judicial review (*see New York State Correctional Officers*, 94 NY2d at 326).

We have considered petitioner's other arguments, including that the arbitrators did not take all mitigating and extenuating circumstances into account, as required by the collective bargaining agreement, and find them unavailing. Concur—Nardelli, J.P., Andrias, Sullivan and Lerner, JJ.