■ MORGAN STANLEY & CO., INC., Respondent, v MICHELLE FEELEY, Appellant. [906 NYS2d 13]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered January 12, 2010, which granted plaintiff Morgan Stanley & Co.'s (Morgan) motion to

dismiss defendant former employee's counterclaims, granted Morgan's petition to confirm the arbitration award, and awarded judgment in favor of Morgan, as against defendant, in the amount of $154,349.83, plus interest (from May 5, 2009), costs and attorneys fees, for a total award of $205,991.78, unanimously affirmed, without costs.

Morgan and defendant, a financial advisor, executed two promissory notes whereby Morgan loaned defendant monies which were to be repaid at specified times, with a stated interest. The notes specifically provided that any claim or controversy involving the notes would be resolved in arbitration pursuant to the rules of the National Association of Securities Dealers, Inc. (NASD), a self-regulatory organization (SRO) ensuring compliance by its members (i.e., Morgan) and associates (i.e., defendant) with the rules and regulations under the Securities Exchange Act of 1934. Defendant's argument that Financial Industry Regulatory Authority, Inc. (FINRA), the successor SRO to NASD, which adopted NASD's rules, lacked jurisdiction to hear the parties' dispute regarding the notes because the arbitration clause in the notes limited the arbitration forum to NASD, is unavailing (*see generally Financial Indus. Regulatory Auth., Inc. v Fiero*, 10 NY3d 12, 14 n, 16 [2008]). Defendant submitted to the jurisdiction of the FINRA arbitration panel by her counsel's participation in a prehearing conference without raising a jurisdictional objection or seeking a stay (*see e.g. Matter of Sims v Siegelson*, 246 AD2d 374 [1998]). The arbitration panel properly considered and decided the threshold issue of jurisdiction before hearing evidence on the merits of Morgan's claims on the notes. Defendant has not demonstrated that the panel's consideration of the jurisdiction issue in the first instance denied her an opportunity to present a defense to Morgan's claims on the notes.

Nothing on the face of the panel's award or the loan agreements suggests, as defendant argues, that the loan monies were, inter alia, actually bonus payments made in violation of public policy (*see generally Matter of Bevtek Corp. [Mr. Natural Inc.]*, 2 AD3d 157 [2003]). In any event, this argument fails here since the requisite showing as to the public policies allegedly violated would require extended fact-finding and/or legal analysis (*see Matter of Selman v State of N.Y. Dept. of Correctional Servs.*, 5 AD3d 144 [2004]).

Res judicata precludes defendant's counterclaims insofar as the panel's award resolved issues regarding the validity of the notes, and, by inference, the nature of their obligations as loans (*see generally Ziegler v Raskin*, 100 AD2d 814 [1984], *appeal dismissed* 63 NY2d 674 [1984]).

We have considered appellant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Freedman, Richter and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 30024(U).]**