# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**481**

**CA 16-01699**

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN CITY OF
BUFFALO, PETITIONER-APPELLANT,

AND                                                    MEMORANDUM AND ORDER

BUFFALO POLICE BENEVOLENT ASSOCIATION, INC.,
RESPONDENT-RESPONDENT.

---

TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (MARY B. SCARPINE OF
COUNSEL), FOR PETITIONER-APPELLANT.

CREIGHTON, JOHNSEN & GIROUX, BUFFALO (IAN HAYES OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

---

Appeal from an order and judgment (one paper) of the Supreme
Court, Erie County (Deborah A. Chimes, J.), entered November 18, 2015
in a proceeding pursuant to CPLR article 75.  The order and judgment,
among other things, denied the petition to vacate an arbitration
award.

It is hereby ORDERED that the order and judgment so appealed from
is unanimously affirmed without costs.

Memorandum:  Petitioner appeals from an order and judgment
denying its petition seeking vacatur of an arbitration award, which
determined that petitioner had violated the terms of the subject
collective bargaining agreement (CBA) and awarded back pay to
petitioner's employee.

On May 31, 2012, petitioner terminated its employee, a police
officer with the City of Buffalo Police Department, upon learning from
federal authorities that the officer had allegedly confessed to having
operated a marijuana "grow operation" prior to and after his becoming
an officer.  As relevant here, the Buffalo Police Commissioner
(Commissioner) served notice of the charges on the officer and then
promptly terminated him prior to holding a disciplinary hearing.

Section 12.1 (A) of the CBA provides that "a permanent employee
shall not be removed or otherwise subjected to any disciplinary
penalty provided in [Article XII] except for . . . misconduct or for
committing a felony or any crime involving moral turpitude, *and then
only after a hearing upon stated charges*" (emphasis supplied).
Dismissal—one of the disciplinary actions available under the terms of
the CBA—may be accomplished only after certain procedures are

followed:  The employee must be served with a written copy of the charges, after which the employee has 10 days to respond in writing and serve the response on the Commissioner.  Within 10 days of receipt of the answer, the Commissioner must conduct an informal conference with the employee concerning the charges.  At the conference, the employee may call witnesses to testify on his behalf.  At that point, the Commissioner has the authority to dismiss or to withdraw the charges, or to accept a plea of guilty; if the Commissioner does not take any of the aforementioned actions, a formal hearing must be conducted before an impartial hearing officer.  At the formal hearing, the party bringing the charges bears the burden of proving them.  The hearing officer must then make a record of the hearing and set forth findings and recommendations for referral to the Commissioner for his review and decision.

The day after the officer's termination, respondent filed a grievance on behalf of the officer, asserting that petitioner had violated Article XII of the CBA by summarily terminating the officer without following the aforementioned due process procedures.  After the parties took the required procedural steps in an attempt to reach settlement, the matter was submitted to an impartial arbitrator for consideration of two issues, namely, whether petitioner violated the terms of the CBA and, if so, the appropriate remedy.  The parties agreed that the factual record would consist of an affidavit from the Commissioner setting forth details of the federal criminal investigation and the Commissioner's reason for terminating the officer.  Respondent did not concede the underlying facts in the Commissioner's affidavit, including, as relevant here, the Commissioner's averment that federal authorities had informed him that the officer had confessed to criminal activity.

The arbitrator determined that petitioner had violated the "very clear procedure" delineated in the CBA and awarded the officer back pay.  Petitioner commenced the instant CPLR article 75 proceeding to vacate the arbitration award, asserting that it is against public policy and irrational.  Respondent filed an answer, and Supreme Court confirmed the award.  On appeal, petitioner contends that the arbitration award violates a strong public policy and/or was irrational (see CPLR 7511 [b] [1] [iii]; *Matter of Kowaleski [New York State Dept. of Corr. Servs.]*, 16 NY3d 85, 90-91).  We conclude that petitioner failed to meet its " 'heavy burden' " of demonstrating that the award should be vacated on either ground (*Matter of Rochester City Sch. Dist. [Rochester Assn. of Paraprofessionals]*, 34 AD3d 1351, 1351, *lv denied* 8 NY3d 807; *see Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO*, 6 NY3d 332, 336).

At the outset, we note that courts of this State "have long since abandoned their distrust and hostility toward arbitration as an alternative means for the resolution of legal disputes, in favor of a policy supporting arbitration and discouraging judicial interference with either the process or its outcome" (*Matter of New York City Tr. Auth. v Transport Workers Union of Am., Local 100, AFL-CIO*, 99 NY2d 1, 6, citing *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629).  Judicial restraint under the "narrow" public policy exception is particularly

warranted in arbitrations involving public employment collective bargaining agreements (*id.* at 7).  A court may vacate an award on that ground "where strong and well-defined policy considerations embodied in constitutional, statutory or common law prohibit a particular matter from being arbitrated or certain relief from being granted by an arbitrator" (*Matter of New York State Corr. Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327, citing *Sprinzen*, 46 NY2d at 631).  Vacatur of an award may not be granted "on public policy grounds when vague or attenuated considerations of a general public interest are at stake" (*id.* at 327).

     The court properly determined that petitioner's proffered public policy considerations do not preclude the relief granted by the arbitrator.  Petitioner's arguments in that regard constitute little more than vague considerations of a general public interest, which are insufficient to support vacatur of the award (*see id.; see also City Sch. Dist. of the City of N.Y. v McGraham*, 17 NY3d 917, 919-920; *Matter of Selman v State of New York Dept. of Corr. Servs.*, 5 AD3d 144, 144-145).

     Although the underlying facts render the size of the award distasteful—over two years of back pay for a police officer who allegedly confessed to committing crimes both before and after becoming a police officer—"[o]ur [public policy] analysis cannot change because the facts or implications of a case might be disturbing, or because an employee's conduct is particularly reprehensible" (*New York State Corr. Officers & Police Benevolent Assn.*, 94 NY2d at 327).  We note, in this instance, that had the due process procedures of the CBA been followed, the likelihood would have been greatly diminished that the officer would have received as large an award for back pay as he did here.

     We also conclude that the court properly determined that petitioner failed to establish that the award was irrational, i.e., that there was " 'no proof whatever to justify the award' " (*Matter of Rockland County Bd. of Coop. Educ. Servs. v BOCES Staff Assn.*, 308 AD2d 452, 453; *see Matter of Buffalo Council of Supervisors & Adm'rs, Local No. 10, Am. Fedn. of Sch. Adm'rs [Board of Educ. of City Sch. Dist. of Buffalo]*, 75 AD3d 1067, 1068).  The arbitrator considered the narrow issues before him—whether petitioner violated the CBA and, if so, the appropriate remedy for such violation.  Given the CBA's language, we conclude that the arbitrator made a rational determination that petitioner violated the CBA and that the officer was entitled to back pay as a result thereof.

Entered:  May 5, 2017                          Frances E. Cafarell
                                               Clerk of the Court