West Side Marquis LLC v Moret (2024 NY Slip Op 24055)

[*1]

West Side Marquis LLC v Moret

2024 NY Slip Op 24055

Decided on February 23, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on February 23, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

571017/23

West Side Marquis LLC, Petitioner-Landlord-Appellant,
against
Ronald Moret, Jr., Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Daniele Chinea, J.), dated May 15, 2023, granting tenant's motion for partial summary judgment dismissing the petition, and setting the matter down for a hearing on tenant's rent overcharge counterclaim, in a nonpayment summary proceeding.

Per Curiam.
Order (Daniele Chinea, J.), dated May 15, 2023, reversed, with $10 costs, tenant's motion for summary judgment denied, petition reinstated, and the matter remanded to Civil Court for further proceedings.
In 2006, as the subject building exited the Mitchell Lama program, DHCR issued an order incorporating a settlement agreement made under DHCR supervision (WSM Agreement), setting the legal regulated rent for the apartments at the premises and approving a lower (preferential) annual collectible rent (ACR) for certain tenants and their qualifying denominated successors. All other successors would pay the legal regulated rent.
Respondent-tenant's father, the then-tenant of apartment 16A, was a party to and signed the WSM, but did not designate respondent as a successor. Respondent's father died on May 26, 2017. Respondent then requested a lease in his own name, as successor tenant, that would entitle him to pay the preferential ACR paid by his father. Petitioner denied the request. Pursuant to the arbitration provision in the WSM, petitioner then demanded arbitration as to whether respondent was entitled to pay the rent paid by his father, the ACR of approximately $901.45, or the legal regulated rent for the apartment which was $2,604.28.
The arbitration panel held that respondent is not entitled to pay the ACR paid by his father and that any renewal lease offered to respondent be set at the legal regulated rent. This award was confirmed in a CPLR article 75 proceeding commenced in Supreme Court, New York County.
We agree with petitioner that respondent's claims that he is a qualifying ACR successor and entitled to pay the preferential ACR rent paid by his father are barred by the doctrine of res judicata (Rembrandt Indus. v Hodges Intl., 38 NY2d 502 [1976]; Morgan Stanley & Co., Inc. v Feeley, 75 AD3d 417, 418 [2010], lv denied 16 NY3d 702 [2011]). These claims were plainly within the scope of the dispute submitted to arbitration and the arbitrators specifically decided that respondent must pay the legal regulated rent rather than the ACR paid by his father (see Saiti v 316 E. 68th St. Corp., 193 AD3d 663 [2021]). Thus respondent's motion for summary judgment should have been denied.
In any event, even assuming respondent's claims are not barred, we find unavailing his contention that the amendment to section 26-511(c)(14) of the Rent Stabilization Law, contained in the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, § 1, part E, § 2), limits the rent that he can be charged to the preferential rent paid by his father, as adjusted by guideline increases. RSL § 26-511(c)(14), in relevant part, provides that:
"For any tenant who is subject to a lease on or after the effective date of [HSTPA], or is or was entitled to receive a renewal or vacancy lease on or after such date, upon renewal of such lease, the amount of rent for such housing accommodation that may be charged and paid shall be no more than the rent charged to and paid by the tenant prior to that renewal, as adjusted by the most recent applicable guidelines increases and any other increases authorized by law." (emphasis added).
Here, respondent's entitlement to a renewal lease did not arise "on or after" the effective date of HSTPA, which was June 14, 2019. Rather, his right to a renewal lease "logically must relate back to the date creating his statutory rights, the death of the tenant of record" (245 Realty Assoc. v Sussis, 243 AD2d 29, 33 [1998]; see Marine Terrace Assoc. v Kesoglides, 44 Misc 3d 141[A], 2014 NY Slip Op 51303[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]), specifically, May 26, 2017. Thus, RSC § 26-511(c)(14) is inapplicable to him.
In the circumstances, we need not address petitioner's remaining arguments.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: February 23, 2024