Matter of State of N.Y. Unified Ct. Sys. v Civil Serv. Empls. Assn., Inc. (2025 NY Slip Op 07119)

Matter of State of N.Y. Unified Ct. Sys. v Civil Serv. Empls. Assn., Inc.

2025 NY Slip Op 07119

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 451438/24|Appeal No. 5397|Case No. 2024-06271|

[*1]In the Matter of the State of New York — Unified Court System, Petitioner-Respondent,
v
Civil Service Employees Association, Inc., et al., Respondent-Appellant.

Civil Service Employees Association, Inc., Albany (Aaron E. Kaplan of counsel), for appellant.
Office of Court Administration, New York (Pedro Morales of counsel), for respondent.

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered September 24, 2024, which granted the petition seeking to permanently stay arbitration sought by respondent State of New York - Unified Court System (UCS) and denied the cross-motion of respondent Civil Service Employees Association (CSEA) to compel arbitration, unanimously reversed, on the law, without costs, the petition dismissed, and the cross-motion granted. The parties are directed to proceed to arbitration.
This proceeding concerns a petition to stay a grievance demanded by CSEA. On May 20, 2022, the grievant was offered a position as Principal Law Clerk to Judge in Niagara County Court and began serving in that role. However, by letter dated July 28, 2023, after the grievant had completed his probationary period, UCS informed him that he was in the wrong job title, job grade, and salary. According to UCS, a recent audit of its employee records revealed that the grievant was improperly designated as Principal Law Clerk to Judge, as his assignment did not meet the appropriate criteria. UCS noted that although Niagara County had two full-time judges, they were "multi-bench judges," a judicial assignment that did not "satisfy the Title Standard for Principal Law Clerk to Judge." The letter provided that the error would be corrected by "redesignating" the grievant's title to Associate Court Attorney. The letter also provided that although the grievant's designation as a Principal Law Clerk resulted in a payment of salary greater than the salary allocated to the Associate Court Attorney title, UCS would not seek to recoup the salary overpayment. Nonetheless, UCS stated, the grievant's salary would be "adjusted prospectively" to the lower salary of $121,170 to reflect his new title.
Supreme Court erred when it permanently stayed arbitration of this matter, as public policy does not preclude arbitration of the narrow issue underlying CSEA's grievance: whether UCS's actions against the grievant constituted a reclassification of his title from Principal Law Clerk to Judge to the position of Associate Court Attorney, so that any diminishment in his salary violated the parties' collective bargaining agreement (see Matter of Jandrew [County of Cortland], 84 AD3d 1616, 1619-1620 [3d Dept 2011]). The grievance does not challenge UCS's authority to classify, reclassify, allocate, or reallocate all positions within UCS, as authorized by 22 NYCRR 25.5(a). Rather, at its core, the grievance seeks to interpret articles 19 and 20 of the collective bargaining agreement to determine whether UCS's actions violated the parties' contractual rights and responsibilities (see Board of Educ. of City School Dist. of N.Y. v Mulgrew, 106 AD3d 551, 552-553 [1st Dept 2013]). In light of the narrow scope of the public policy exception to an arbitrator's power, the matter is arbitrable, especially because it concerns a public employment collective bargaining agreement (see Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist.
of City of N.Y., 1 NY3d 72, 80 [2003]; see also Selman v State of New York Dept. of Correctional Servs., 5 AD3d 144, 144 [1st Dept 2004]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025