■ Robert Vogel, Appellant, v Herk Elevator Co., Inc., et al., Respondents. [645 NYS2d 32] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered November 3, 1994, which, *inter alia*, granted defendant Herk Elevator Co., Inc.'s cross-motion for summary judgment dismissing the complaint against it, unanimously reversed, on the law, without costs, the cross-motion denied, and the complaint, as against defendant Herk Elevator Co., is reinstated.

The plaintiff was injured on March 2, 1990 while working on a travelator, which is a moving walkway, at Kennedy Airport. The travelator was manufactured, installed and maintained at various times by defendant Otis Elevator Co. (Otis), and maintained at the time of this accident by defendant Herk Elevator Co. (Herk). Apparently, Herk was in the business of obtaining contracts for the service and repair of elevators, while a related company Kent Elevator Co. (Kent) provided the personnel to conduct such maintenance. The issue on appeal is whether the decision of the Workers' Compensation Board that Kent, not Herk, was plaintiff's employer should collaterally estop Herk from raising the affirmative defense of Workers' Compensation coverage in a subsequent personal injury action.

A review of the procedural history provides a framework for analyzing this issue. In November 1990, plaintiff brought an action against Otis, The Port Authority of New York and New Jersey, and Herk, to recover for his injuries. Herk moved for summary judgment dismissing the complaint against it, Otis

moved for a change of venue from Bronx County to Westchester County, and plaintiff cross-moved to discontinue the action, without prejudice, upon his admission that he had applied for and received Workers' Compensation benefits from Herk. Plaintiff explained that Kent was his true employer, and that Herk had erroneously been named on the Workers' Compensation application.

While the motion for discontinuance was pending, plaintiff applied for a rehearing of his Workers' Compensation claim. In support of compensation coverage from Kent, he submitted his 1990 W-2 tax form and his pay stubs, both of which designate Kent as his employer. Plaintiff also submitted his C-3 notice of claim for compensation, which listed "Kent (Herk) Elevator Co.". as employer, and the C-2 employer's report of injury, which indicates Kent as the name of his employer. In response to plaintiff's application, the Workers' Compensation Board determined to restore the case to its calendar for development of the issue of "correct legal entity and employer-employee relationship between claimant and Herk Elevator Company, Inc." After holding a hearing, at which representatives of both Herk and Kent were present, the Administrative Law Judge determined that plaintiff was entitled to compensation coverage, and that Kent was plaintiff's employer.

Plaintiff then brought the instant action against both Otis and Herk, Herk moved for summary judgment based upon the Workers' Compensation defense, and Otis moved to change venue to Westchester County. It is plaintiff's position that the principal of collateral estoppel bars relitigation by the court of an issue necessarily determined by the Workers' Compensation Board, that Kent was plaintiff's employer. Herk argues in opposition that the trial court made an appropriate de novo determination that Herk and Kent were one entity, that it was irrelevant to the Administrative Law Judge's determination, granting compensation coverage, who the nominal employer was, and that the complaint as to Herk was properly dismissed. Our application of the doctrine of collateral estoppel to the facts of this case leads us to conclude that plaintiff's position is persuasive, that the complaint against Herk should be reinstated, and that the action should remain in Bronx County.

The valid, final determination of the Administrative Law Judge, made after a hearing directed to the issue of "the correct legal entity and employer-employee relationship between claimant and Herk Elevator Company, Inc." which hearing was attended by both counsel for and the principals of both Herk and Kent, that Kent was plaintiff's proper employer,

should have barred the motion court's review of the identical issue, and its subsequent determination to the contrary (*O'Connor v Midiria*, 55 NY2d 538; *O'Rourke v Long*, 41 NY2d 219).

The holding in *Liss v Trans Auto Sys.* (68 NY2d 15), cited by the respondents, does not persuade us otherwise. In *Liss*, the Court of Appeals determined that a Workers' Compensation Board's determination to deny coverage on the ground that an accident did not occur in the course of employment was not binding in a subsequent civil suit against a defendant who was not a party to the compensation proceeding. Determining that de novo review was required, the Court of Appeals reasoned that "where a defendant was not afforded an opportunity to cross-examine witnesses or present evidence at the prior hearing, the outcome of the hearing cannot have preclusive effect [citations omitted]" (*supra,* at 22). The Court reached this result despite the fact that the defendant had testified at the compensation hearing, since "he had no control over the direction of his own testimony, no opportunity to cross-examine, and no counsel to guide him [citations omitted]" (*supra,* at 22). Since plaintiff and the compensation carrier in *Liss* were both aligned in opposition to coverage at the hearing, the Court concluded that it was actually non-adversarial, the defendant's view never having been presented (*supra,* at 23).

Here, by contrast, Herk's counsel was given notice of the pendency of the proceeding in which the Panel stated its intent to "develop[ ] * * * the issue of correct legal entity and employer-employee relationship between claimant and Herk Elevator Company, Inc.", the identical issue raised on appeal. Herk's corporate officers were present at the proceeding, and the Workers' Compensation Board considered evidence including W-2 forms, pay stubs, and an employer's report of injury, all indicating that plaintiff's employer was Kent. Counsel for Herk, as well as the principals of that company, were present at the hearing. Evidence on behalf of both corporations was presented, and presumably considered by the Workers' Compensation Board in connection with its determination. Since the Workers' Compensation Board necessarily decided that Kent was plaintiff's employer, collateral estoppel requires that the complaint against Herk be reinstated, and since Herk remains a named defendant, venue can be retained in Bronx County. Concur—Milonas, J. P., Rosenberger, Ellerin, Rubin and Williams, JJ.