NICOLAS GUAMAN, Respondent, et al., Plaintiff, v 1963 RYER REALTY CORP. et al., Respondents-Appellants. 1963 RYER REALTY CORP., Third-Party Plaintiff-Respondent-Appellant, v AP TEK CONSTRUCTION INC. et al., Third-Party Defendants-Appellants-Respondents/Second Third-Party Plaintiffs-Appellants-Respondents/Third Third-Party Defendants-Appellants-Respondents. A SAAD CONTRACTING, INC., Second Third-Party Defendant-Respondent-Appellant/Third Third-Party Plaintiff-Respondent-Appellant, et al., Second Third-Party Defendants. [8 NYS3d 40]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 27, 2014, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, denied defendants' cross motions for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, granted the cross motion of defendants Gazivoda Realty Co., Inc. and 1963 Ryer Realty Corp. (collectively Ryer) for summary judgment on Ryer's common-law indemnification claim against AP Tek Construction Inc. and AP Tek Restoration (collectively AP), denied Ryer's cross motion for summary judgment on its common-law indemnification claim against A Saad Contracting (Saad), denied Saad's cross motion for summary judgment on its common-law indemnification claim against AP, and denied AP's cross motion for summary judgment dismissing defendants' common-law indemnification claims against it, unanimously modified, on the law, to the extent of granting Saad's cross motion for summary judgment on its common-law indemnification claim against AP, and otherwise affirmed, without costs.

Plaintiff established his entitlement to judgment as a matter of law on his Labor Law § 240 (1) claim based on his testimony that he was injured when he fell from a height of six stories when two workers standing on the ground holding ropes that were supposed to keep the scaffold he was standing on level, simultaneously loosened the ropes, causing the scaffold to shift from a horizontal to a vertical position. Plaintiff also established that his accident was caused by the lack of a guardrail on the side of the scaffold. Plaintiff was not required to show a specific defect in the safety devices since the evidence plainly established that they did not provide adequate protection from the risk of falling (*see Verdon v Port Auth. of N.Y. & N.J.*, 111 AD3d 580, 581 [1st Dept 2013]; *Boyd v Schiavone Constr. Co., Inc.*, 106 AD3d 546, 548 [1st Dept 2013]).

In opposition, defendants failed to raise a triable issue of fact. Although they argue that plaintiff was the sole proximate cause of his injuries, they failed to submit any admissible evidence to support their allegation that plaintiff failed to attach his safety harness to the lifeline in the proper manner. Even if there were admissible evidence to that effect, the scaffold fell as a result of the ropes supporting it being loosened, rendering plaintiff's alleged conduct contributory negligence which is not a defense to a Labor Law § 240 (1) claim (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Boyd v Schiavone Constr. Co., Inc.*, 106 AD3d at 548).

The motion court properly declined to rule on the Labor Law § 200 and common-law negligence claims since they are academic in light of the grant of partial summary judgment on the Labor Law § 240 (1) claim (*see Torino v KLM Constr.*, 257 AD2d 541, 542 [1st Dept 1999]).

The motion court erred, however, in declining to consider Saad's cross motion for summary judgment on its common-law indemnification claim against third-party defendant AP on the ground that Saad had failed to annex certain relevant pleadings to its motion papers. The pleadings had already been submitted to the court, and Saad's notice of cross motion expressly incorporated those submissions by reference. Moreover, no substantial rights of any party appear to have been prejudiced (*see* CPLR 2002).

The court properly held that the valid and final decision of a panel of the Workers' Compensation Board that AP was plaintiff's employer at the time of the accident bars AP from relitigating the identical issue in this proceeding (*see Vogel v Herk El. Co.*, 229 AD2d 331 [1st Dept 1996]). The record establishes that AP had a full and fair opportunity to litigate this issue before the board (*see id.*). AP is also collaterally estopped from contending that Saad was plaintiff's special employer, since this argument was raised during the worker's compensation hearing and rejected by the board (*see Rosa v Quarry Crotona Homes*, 239 AD2d 273 [1st Dept 1997]; *Vogel*, 229 AD2d at 333).

The court properly granted summary judgment to Ryer on its claim for common-law indemnification from AP, and should have granted Saad's common-law indemnification claim against AP, since the evidence showed that only AP was actively at fault, and that defendants did not exercise any authority to supervise or control the work (*see McCarthy v Turner Constr., Inc.*, 17 NY3d 369, 377-378 [2011]). Concur—Gonzalez, P.J., Mazzarelli, Saxe, Manzanet-Daniels and Clark, JJ. ■