■ JUAN MEDINA, Appellant, v CITY OF NEW YORK et al., Respondents. [19 NYS3d 732]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered March 20, 2014, which, insofar as appealed from as limited by the briefs, denied plaintiff's cross motion for leave to amend the summons and complaint to substitute Police Officer Patrice Barolette for a "John/Jane Doe" defendant, unanimously reversed, on the law and the facts, without costs, the cross motion granted, and the complaint reinstated.

The court improvidently exercised its discretion in denying plaintiff's cross motion to substitute an identified defendant in the summons and complaint (see CPLR 305 [c]; 1024, 3025). There was no evidence of any prejudice or surprise to the proposed defendant resulting from the substitution, and defendant City of New York stated that it had no substantive objection to plaintiff's cross motion to the extent it sought leave to substitute Officer Barolette for a "John/Jane Doe" defendant (see A.N. Frieda Diamonds, Inc. v Kaminski, 122 AD3d 517 [1st Dept 2014]; National Refund & Util. Servs., Inc. v Plummer Realty Corp., 22 AD3d 430 [1st Dept 2005]). Since the limited proposed amendments were clearly described in the moving papers, plaintiff's failure to submit proposed amended pleadings with his original moving papers (CPLR 3025 [b]), was a technical defect, which the court should have overlooked (see CPLR 2001), particularly after plaintiff provided those documents with his reply. Concur—Tom, J.P., Sweeny, Andrias and Gische, JJ.