Muqattash v Choice One Pharmacy Corp. (2018 NY Slip Op 04428)





Muqattash v Choice One Pharmacy Corp.


2018 NY Slip Op 04428


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Acosta, P.J., Manzanet-Daniels, Tom, Mazzarelli, Moulton, JJ.


303542/14 6872 8407/14 6871

[*1]Isam Muqattash, et al., Plaintiffs-Respondents,
v
Choice One Pharmacy Corp., et al., Defendants-Appellants, NYC Partnership Housing Development Fund Company, Inc., et al., Defendants.
Choice One Pharmacy Corp., et al., Third-Party Plaintiffs-Appellants,
v
Macintosh Electric Corporation, Third-Party Defendant-Respondent.


Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for Choice One Pharmacy Corp., appellant.
Barry, McTiernan & Moore LLC, New York (David H. Schultz of counsel), for 1550 Realty, LLC, appellant.
Sullivan Papain Block McGrath & Cannavo P.C., New York (Brian J. Shoot of counsel), for Isam Muqattash and Alba Muqattash, respondents.
Linda A. Stark, New York, for Macintosh Electric Corporation, respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about November 28, 2017, which, insofar as appealed from, denied defendant 1550 Realty, LLC's (1550 Realty) cross motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims, and on its third-party claim for common-law indemnification as against third-party defendant Macintosh Electric Corporation (Macintosh), and denied defendant Choice One Pharmacy Corp.'s (Choice One) cross motions for summary judgment as untimely, unanimously affirmed, with costs.
The court properly declined to consider Choice One's cross motions for summary judgment since they were filed several months after the applicable deadline and Choice One did not provide good cause for its delay (see Brill v City of New York, 2 NY3d 648, 652 [2004]). In any event, these motions were not true "cross motions" as they each sought, at least in part, relief against nonmoving parties. Furthermore, Choice One's cross motions did not raise issues that were "nearly identical" to those raised in the timely initial motions (Maggio v 24 W. 57 APF, LLC, 134 AD3d 621, 628 [1st Dept 2015] [internal quotation marks omitted]; Kershaw v Hospital for Special Surgery, 114 AD3d 75, 87-88 [1st Dept 2013]).
As to 1550 Realty's cross motion on the common-law negligence and Labor Law § 200 claim, the court properly found that there were issues of fact as to whether 1550 Realty was responsible for creating the dangerous condition, namely the live wire that was responsible for [*2]causing harm to the injured plaintiff (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]). The evidence showed that, upon taking ownership of the premises, but before entering into a lease with Choice One, 1550 Realty had the drop ceiling and electrical system where the accident occurred installed, and that no one else performed work in the ceiling until the time of the accident. Accordingly, 1550 Realty failed to establish that it did not create the defective condition that later caused the injured plaintiff's accident (see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136 [2017]; A & M E. Broadway LLC v Hong Kong Supermarket, Inc., 140 AD3d 535 [1st Dept 2016]).
In light of the issues of fact as to whether 1550 Realty was negligent in causing the accident, its cross motion for summary judgment on its common-law indemnification claim as against Macintosh was properly denied (cf. Guaman v 1963 Ryer Realty Corp., 127 AD3d 454, 456 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK