Chen v 111 Mott LLC (2021 NY Slip Op 07501)





Chen v 111 Mott LLC


2021 NY Slip Op 07501


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 157115/16 Appeal No. 14617 Case No. 2020-04949 

[*1]Xiyi Chen, Plaintiff-Respondent,
v
111 Mott LLC, Defendant-Respondent, H&M Contracting, Inc., et al., Defendants, H&M Contractors, Inc., Defendant-Appellant.


Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas P. Hurzeler of counsel), for appellant.
The Altman Law Firm, PLLC, New York (Michael T. Altman of counsel), for Xiyi Chen, respondent.
Ondrovic, Hurley & Platek, PLLC, White Plains (Beth S. Gereg of counsel), for 111 Mott LLC, respondent.



Order, Supreme Court, New York County (W. Franc Perry, J.), entered on or about December 18, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim as against defendant H&M Contractors, Inc. (H&M), and denied H&M's cross motion for leave to amend its answer and for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, plaintiff's motion denied, and H&M's cross motion granted. The Clerk is directed to enter judgment dismissing the action against H&M.
The court improvidently exercised its discretion in denying H&M's cross motion for leave to amend its answer to assert an affirmative defense that the workers' compensation benefits paid by H&M's insurer to plaintiff were his exclusive remedy against H&M (Workers' Compensation Law §§ 11, 29[6]). H&M's initial failure to submit the proposed amended pleading (CPLR 3025[b]) was a technical defect that the court should have overlooked (see CPLR 2001), particularly since H&M attached the proposed amendment to its reply (see Medina v City of New York, 134 AD3d 433 [1st Dept 2015]). Plaintiff's arguments that he was prejudiced by the amendment proposed in H&M's cross motion, filed about three years after this action was commenced and two years after the workers' compensation ruling was affirmed, are unavailing (see Caceras v Zorbas, 74 NY2d 884, 885 [1989]; Feliciano-Delgado v New York Hotel Trades Council & Hotel Assn. of N.Y. City Health Ctr., 281 AD2d 312, 316 [1st Dept 2001]; see also Murray v City of New York, 43 NY2d 400, 407 [1977] ["[workers' compensation] is an exclusive remedy as a matter of substantive law and, hence, whenever it appears or will appear from the facts that the plaintiff was an employee of the defendant, the obligation of alleging and . . . proving noncoverage falls on the plaintiff"]). It is not dispositive that leave to amend was sought a few months after the note of issue was filed (see Torres v New York City Tr. Auth., 78 AD3d 419 [1st Dept 2010]; Lanpont v Savvas Cab Corp., 244 AD2d 208, 210-211 [1st Dept 1997]).
The valid and final decision of a panel of the Workers' Compensation Board, affirming a decision by a Workers' Compensation Law Judge that was based on a finding that H&M was plaintiff's employer at the time of the accident, "bars [plaintiff] from relitigating the identical issue in this proceeding" (Guaman v 1963 Ryer Realty Corp., 127 AD3d 454, 456 [1st Dept 2015]; see Vogel v Herk El. Co., 229 AD2d 331 [1st Dept 1996]). Plaintiff and defendant 111 Mott LLC failed to demonstrate "the absence of a full and fair opportunity to litigate" (Jeffreys v Griffin, 1 NY3d 34, 39 [2003]). It is not dispositive that plaintiff's counsel expressly took no position on this issue in summation at the workers' compensation hearing, or that H&M's counsel at the hearing argued that H&M was not plaintiff's employer. We note that two other [*2]entities, through counsel, argued in summation at the hearing that H&M was plaintiff's employer.
In light of the foregoing, we do not reach H&M's arguments as to the Labor Law § 240(1) claim. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021