National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc. (2023 NY Slip Op 00875)

National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc.

2023 NY Slip Op 00875

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-14303
 (Index No. 709206/17)

[*1]National Loan Investors, L.P., appellant, 
v
New Zion Church of the Apostolic Faith, Inc., etc., respondent, et al., defendants.

Law Office of Frank J. Haupel, PLLC, Rye Brook, NY, for appellant.
Salta & Associates, P.C., New York, NY (Romeo Salta of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered November 14, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant New Zion Church of the Apostolic Faith, Inc., for an order of reference, and pursuant to CPLR 3025(c) for leave to amend the complaint to conform to the evidence.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was pursuant to CPLR 3025(c) for leave to amend the complaint to conform to the evidence, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant New Zion Church of the Apostolic Faith, Inc.
In July 2017, the plaintiff commenced this action against, among others, the defendant New Zion Church of the Apostolic Faith, Inc. (hereinafter New Zion), to foreclose a consolidated commercial mortgage encumbering certain real property located in Queens. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against New Zion and dismissing New Zion's affirmative defenses, for an order of reference, and pursuant to CPLR 3025(c) for leave to amend the complaint to conform to the evidence. In an order entered November 14, 2019, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against New Zion, for an order of reference, and for leave to amend the complaint to conform to the evidence. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against New Zion. The plaintiff failed to sustain its initial burden of demonstrating that New Zion defaulted in its obligation. To establish the default, the plaintiff relied on an affidavit from its employee, whose averments regarding New Zion's default were based upon his review of unidentified business records. Inasmuch as no business records were attached to, or otherwise incorporated into, the affidavit, these averments constituted inadmissible hearsay lacking in probative value (see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; Bank of Am., N.A. v Huertas, 195 AD3d 891, 893).
Further, although certain records, which may be business records on which the employee's affidavit was based, were submitted by the plaintiff with its reply papers, it is axiomatic that in order to establish its prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit evidence of default (see e.g. HSBC Bank USA, N.A. v Bhatti, 186 AD3d 817, 819). The moving party "cannot meet its prima facie burden by submitting evidence for the first time in reply" (U.S. Bank N.A. v Hammer, 192 AD3d 846, 849; see Arriola v City of New York, 128 AD3d 747, 749). Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against New Zion and for an order of reference were properly denied without regard to the sufficiency of New Zion's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). In any event, New Zion's opposing papers raised triable issues of fact concerning its alleged default (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Zuckerman v City of New York, 49 NY2d 557, 562).
However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to amend the complaint to conform to the evidence. Pursuant to CPLR 3025(c), "[t]he court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just." Applications to amend pleadings are within the sound discretion of the court (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411). As a general matter, leave to amend a pleading should be freely granted absent prejudice or surprise resulting from the delay (see id. at 411; Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 944). The burden of establishing prejudice is on the party opposing the amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411; Caceras v Zorbas, 74 NY2d 884, 885; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 49).
Here, New Zion did not allege, much less demonstrate, that it would suffer any prejudice as a result of the proposed amendment (see GMAC Mtge., LLC v Coombs, 191 AD3d at 49-50; DLJ Mtge. Capital, Inc. v David, 147 AD3d 1024, 1025). Further, under the circumstances, the plaintiff's failure to include a proposed amended complaint as an exhibit to its motion is a "technical defect, which the court should have overlooked" (Berkeley Research Group, LLC v FTI Consulting, Inc., 157 AD3d 486, 490).
The plaintiff's contentions regarding that branch of its motion which was for summary judgment dismissing New Zion's affirmative defenses are not properly before this Court, as the Supreme Court did not grant or deny that branch of the plaintiff's motion, and accordingly, it remains pending and undecided (see Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200-1201; Katz v Katz, 68 AD2d 536, 542-543).
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court