Bank of Am., N.A. v Danzig (2024 NY Slip Op 01696)

Bank of Am., N.A. v Danzig

2024 NY Slip Op 01696

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2022-03675
2022-03676
 (Index No. 20139/09)

[*1]Bank of America, N.A., etc., respondent,
v
Fred G. Danzig, appellant, et al., defendants.

Helene W. Hartig, New York, NY, for appellant.
Stern & Eisenberg, P.C., Lagrangeville, NY (Arsenio Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fred G. Danzig appeals from (1) an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 20, 2021, and (2) an order of the same court, also dated May 20, 2021. The first order granted that branch of the plaintiff's motion which was to amend a judgment of foreclosure and sale of the same court dated September 3, 2014, nunc pro tunc, to correct the amount due to the plaintiff. The second order granted the same relief to the plaintiff and directed that the judgment of foreclosure and sale be amended accordingly.
ORDERED that the orders are reversed, on the facts, with one bill of costs, that branch of the plaintiff's motion which was to amend the judgment of foreclosure and sale, nunc pro tunc, to correct the amount due to the plaintiff is denied, the judgment of foreclosure and sale is vacated, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith and the entry of an appropriate amended judgment of foreclosure and sale including the corrected amount due and owing to the plaintiff.
In April 1989, the defendant Fred G. Danzig (hereinafter the defendant) executed a note, which was secured by a mortgage on certain real property located in Scarsdale. In September 2009, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. An order of reference was entered in September 2013, and a judgement of foreclosure and sale was entered in September 2014, both on default. In August 2015, the property was sold at auction to a third-party purchaser, but that sale failed to close.
The defendant subsequently moved, among other things, to set aside the sale, to vacate the judgment of foreclosure and sale, and to vacate his default in answering the complaint or timely appearing in the action. In an order dated October 5, 2015, the Supreme Court denied all of the branches of the defendant's motion except that branch which was to vacate the judgment of foreclosure and sale and set aside the sale "based upon a 'mistake' with respect to the judgment amount," which the court declined to rule on, citing insufficiencies in the plaintiff's papers, which failed to address the particular amounts challenged by the defendant. Thereafter, the court directed the parties to appear for a framed-issue hearing regarding whether the referee's calculation of the [*2]amount due to the plaintiff was "accurate and properly reflect[ed] all credits due [to the] defendant."
The Supreme Court further directed that, in the event that the hearing court determined that the referee's calculation was inaccurate and that the defendant had not received certain credits to which he was entitled, then the court granted the subject branch of the defendant's motion in the interest of justice to the limited extent that the sale shall be deemed rescinded, the judgment of foreclosure and sale shall be deemed vacated, and the plaintiff shall submit, on notice, a proposed new judgment of foreclosure and sale including a new amount due to the plaintiff as "calculated by the [h]earing [c]ourt."
In September 2016, the plaintiff and the defendant appeared before the hearing court and reached a tentative settlement, placing the proposed terms of settlement on the record. Notably, the parties agreed that the referee's calculation of the amount due to the plaintiff was made in error and that the proper amount due to the plaintiff was $347,475.82.
The parties failed to finalize the settlement, and in August 2019, the plaintiff moved to amend the judgment of foreclosure and sale, nunc pro tunc, to correct the amount due to the plaintiff to the principal sum of $347,475.82 and to substitute U.S. Bank Trust, N.A., as trustee for LSF9 Master Participation Trust (hereinafter US Bank), as the plaintiff. The Supreme Court granted that branch of the plaintiff's motion which was to amend the judgment of foreclosure and sale, nunc pro tunc, "as stipulated." The defendant appeals.
As a preliminary matter, as the Supreme Court did not grant or deny that branch of the plaintiff's motion which was to substitute US Bank as the plaintiff, that branch of the plaintiff's motion "remains pending and undecided" (National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d 860, 862; see Deutsche Bank Natl. Trust Co. v Naughton, 137 AD3d 1199, 1200-1201). Accordingly, the parties' contentions with regard to that branch of the plaintiff's motion are not properly before this Court (see National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d at 862).
"A foreclosure action is equitable in nature and triggers the equitable powers of the court" (Bank of N.Y. Mellon v George, 186 AD3d 661, 663; see Notey v Darien Constr. Corp., 41 NY2d 1055, 1056; U.S. Bank N.A. v Losner, 145 AD3d 935, 937). "'Once equity is invoked, the court's power is as broad as equity and justice require'" (Bank of N.Y. Mellon v George, 186 AD3d at 663, quoting U.S. Bank N.A. v Losner, 145 AD3d at 938 [internal quotation marks omitted]).
Here, as noted above, the hearing court was charged with calculating the amount due and owing to the plaintiff and, in the event that the hearing court found that the referee's calculation of the amount due to the plaintiff was inaccurate and that the defendant had not received certain credits to which he was entitled, amending the judgment of foreclosure and sale accordingly. A review of the hearing transcript makes clear that the parties' stipulation as to the amount due to the plaintiff was made in conjunction with the parties' global settlement discussions. As the settlement was never finalized, as a matter of equity, it remained the obligation of the hearing court to calculate the amount due to the plaintiff and to amend the judgment of foreclosure and sale, nunc pro tunc, to reflect that amount.
Accordingly, we remit the matter to the Supreme Court, Westchester County, for the completion of the framed-issue hearing and thereafter the entry of an appropriate amended judgment of foreclosure and sale including the corrected amount due and owing to the plaintiff.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court