Tenenbaum v Ziv (2024 NY Slip Op 05363)

Tenenbaum v Ziv

2024 NY Slip Op 05363

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-07419
 (Index No. 603849/21)

[*1]Jason Tenenbaum, appellant, 
v
Oren Ziv, et al., respondents.

Fass & D'Agostino, P.C., Melville, NY (Joseph D'Agostino of counsel), for appellant.
Peraino Malinowski LLP, New York, NY (Matthew C. Schwartz and Simon Malinowski of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation per se, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 22, 2022. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint is granted.
In this action, inter alia, to recover damages for defamation per se, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint. In an order entered August 22, 2022, the Supreme Court, among other things, denied the motion. The plaintiff appeals.
"Leave to amend a pleading should be freely given (see CPLR 3025[b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (Ortega v Bisogno & Meyerson, 2 AD3d 607, 609; see Bhatara v Kolaj, 222 AD3d 926, 929). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). CPLR 3025(b) provides that "[a]ny motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 72; Scialdone v Stepping Stones Assoc., L.P., 148 AD3d 950, 952).
Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion pursuant to CPLR 3025(b) for leave to amend the complaint. The defendants failed to meet their burden of demonstrating that prejudice or surprise would result from the proposed amendment (see National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d 860, 862) or that the proposed amendment was palpably insufficient or patently devoid of merit. Further, under the circumstances of this case, the plaintiff's failure to clearly show the [*2]changes or additions made to the new pleading was a technical defect that the court should have overlooked (see CPLR 2001), as the plaintiff remedied this defect in his reply papers (see Chen v 111 Mott LLC, 200 AD3d 594, 595; see also National Loan Invs., L.P. v New Zion Church of the Apostolic Faith, Inc., 213 AD3d at 862; Medina v City of New York, 134 AD3d 433).
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court