S.A.N. v New York City Hous. Auth. (2024 NY Slip Op 06317)

S.A.N. v New York City Hous. Auth.

2024 NY Slip Op 06317

Decided on December 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 17, 2024

Before: Kern, J.P., Singh, González, Kennedy, Higgitt, JJ. 

Index No. 818894/22 Appeal No. 3283 Case No. 2023-05579 

[*1]S.A.N. Infant by her Mother and Natural Guardian Azuria N. et al., Plaintiffs-Respondents,
v
New York City Housing Authority, Defendant-Appellant.

Herzfeld & Rubin, P.C., New York (Miriam Skolnik of counsel), for appellant.
Rheingold Giuffra Ruffo & Plotkin, LLP, New York (Jeremy A. Hellman of counsel), for respondents.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered June 1, 2023, which granted plaintiff's motion for leave to serve a late notice of claim and deemed the late notice of claim served on defendant New York City Housing Authority (NYCHA) on November 18, 2022, timely served, nunc pro tunc, unanimously affirmed, without costs.
The court providently exercised its discretion in granting plaintiff's motion for leave to serve a late notice of claim on NYCHA. Plaintiff's demonstrated that NYCHA obtained actual knowledge of the facts giving rise to its potential liability within 90 days of the infant petitioner's May 9, 2022 lead poisoning diagnosis or a reasonable time thereafter (see Plaza v New York Health & Hosps. Corp. [Jacobi Med. Ctr.], 97 AD3d 466, 468 [1st Dept 2012] ["Actual knowledge of the essential facts is an important factor in determining whether to grant an extension (to file a late notice of claim) and should be accorded great weight"], affd 21 NY3d 983 [2013]). NYCHA does not dispute that, on June 21, 2022, it received an abatement order from the New York City Department of Housing directing it to remove, correct, and/or otherwise abate the lead-based paint found on the premises.
Although plaintiff's submissions did not contain a proposed notice of claim as required by General Municipal Law § 50-e(7), which provides that all applications for leave to serve a late notice of claim "shall be accompanied by a copy of the proposed notice of claim," this is a technical defect that a court may overlook in its discretion (see CPLR 2001). NYCHA admitted in its answer that it received a purported notice of claim on November 18, 2022, and has not identified any discrepancies between this notice and plaintiff's subsequent filings (compare C.D. v Goshen Cent. Sch. Dist. (186 AD3d 1316, 1318 [2d Dept 2020]), Matter of Brown v City of New York (174 AD3d 800, 801 [2d Dept 2019]), and Matter of Scott v Huntington Union Free School Dist. (29 AD3d 1010, 1011 [2d Dept 2006]).Consequently, NYCHA's reliance on these cases is misplaced.
Plaintiff's notice of motion for leave to serve a late notice of claim stated that a copy of the notice of claim was annexed as Exhibit A; however, the wrong document was annexed. Nevertheless, the motion clearly described their legal theory and the underlying facts (see Medina v City of New York, 134 AD3d 433 [1st Dept 2015] ["Since the limited proposed amendments were clearly described in the moving papers, plaintiff's failure to submit proposed amendment pleadings with his original moving papers . . . was a technical defect, which the court should have overlooked"]). Moreover, NYCHA has failed to demonstrate that it has been prejudiced by counsel's mistake (see
CPLR 2001; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466-467 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2024