Jackson v 965 Greene Holding Corp.
2026 NY Slip Op 03783
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Gregory Jackson, et al., respondents,
v
965 Greene Holding Corp., appellant, et al., defendant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-08310, (Index No. 511641/23)
Francesca E. Connolly, J.P.
Paul Wooten
Lourdes M. Ventura
Phillip Hom, JJ.

Law Office of Henry Graham P.C., Greenvale, NY, for appellant.
Wenig Saltiel LLP, New York, NY (Dan M. Blumenthal of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for fraud and for declaratory relief, the defendant 965 Greene Holding Corp. appeals from an order of the Supreme Court, Kings County (Aaron D. Maslow, J.), dated March 21, 2024. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 3211(b) to dismiss the affirmative defenses of the defendant 965 Greene Holding Corp. and denied that branch of that defendant's cross-motion which was pursuant to CPLR 3025(b) for leave to amend its answer.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the cross-motion of the defendant 965 Greene Holding Corp. which was pursuant to CPLR 3025(b) for leave to amend its answer; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a determination on the merits of that branch of the cross-motion of the defendant 965 Greene Holding Corp. which was pursuant to CPLR 3025(b) for leave to amend its answer.
In March 2003, Rona Foderingham (hereinafter Rona), the sole owner of certain real property located in Brooklyn (hereinafter the property), died. In her will, Rona bequeathed the property to Petro Jackson (hereinafter Petro), who died in January 2007. On March 3, 2015, Frank Foderingham, purportedly the "surviving heir" of Rona, executed a deed purporting to transfer title to the property to the defendant 965 Greene Holding Corp. (hereinafter the defendant).
In April 2023, the plaintiffs, Gregory Jackson and Kendrick Jackson, the children of Petro, commenced this action, inter alia, for a judgment declaring that the deed transferring title to the defendant was fraudulent. The plaintiffs alleged, among other things, that they were the owners of the property as the surviving heirs of Petro, to whom Rona had bequeathed the property by her will, and that Frank was not a surviving heir of Rona and had no authority to transfer title to the property. In May 2023, the defendant filed an answer asserting, inter alia, various affirmative defenses. Thereafter, the plaintiffs moved, among other things, in effect, pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses. The defendant cross-moved, inter alia, pursuant to CPLR 3025(b) for leave to amend its answer to add allegations pertaining to its affirmative defenses and to add new affirmative defenses. In support of the cross-motion, the defendant submitted, among other things, a proposed amended answer.
In an order dated March 21, 2024, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was, in effect, pursuant to CPLR 3211(b) to dismiss the defendant's affirmative defenses and denied that branch of the defendant's cross-motion which was for leave to amend its answer. The court determined, among other things, that the defendant was not entitled to leave to amend its answer on the ground that it failed to comply with CPLR 3025(b) by failing to submit a proposed amended pleading with "the changes clearly . . . shown." The defendant appeals.
"Applications for leave to amend pleadings under CPLR 3025(b) should be freely granted unless the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Inglese v City of New York, 237 AD3d 1077, 1078 [internal quotation marks omitted]). Here, the Supreme Court denied that branch of the defendant's cross-motion which was for leave to amend its answer solely on the ground that the defendant failed to submit a proposed amended pleading "clearly showing the changes or additions to be made to the pleading" (CPLR 3025[b]), without addressing whether the proposed amendments would unfairly prejudice or surprise the plaintiffs or whether the proposed amendments were palpably insufficient or patently devoid of merit. The court improvidently exercised its discretion by denying that branch of the defendant's cross-motion based solely on noncompliance with CPLR 3025(b), as the defendant submitted a copy of both the original answer and the proposed amended answer containing the proposed changes or additions to be made to the pleading and the proposed amendments were generally described in the defendant's cross-motion papers (see Greene v Esplanade Venture Partnership, 36 NY3d 513, 526 n 3; Hello Beautiful Salons, Inc. v Dimoplon, 245 AD3d 800, 806; Medina v City of New York, 134 AD3d 433; cf. Pressley v City of New York, 233 AD3d 932, 939).
Since the Supreme Court did not consider the merits of that branch of the defendant's cross-motion which was for leave to amend its answer, we remit the matter to the Supreme Court, Kings County, for a determination on the merits of that branch of the defendant's cross-motion (see TD Bank, N.A. v Raphael, 236 AD3d 701, 703; HSBC Bank USA, N.A. v Lopez, 178 AD3d 679, 680).
The parties' remaining contentions are either without merit or not properly before this Court.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court